**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| Angella Aguilar, et al.<br><br>Plaintiff,<br><br>v.<br><br>David E. Harvey Builders, Inc. et al.<br><br>Defendants. | Case No. 8:18-CV-03953-PX |

## AMENDED ANSWER AND CROSSCLAIM WITH COUNTERCLAIM AGAINST JACINTO GARCIA ROMERO

COME NOW Defendants TSCG Drywall and Painting, LLC d/b/a TSCG, Inc. ("TSCG"), The Subcontractor's Gateway, Inc., d/b/a TSCG, Inc., Frank Marceron, and Darlene Marceron, by and through undersigned counsel, Eugene W. Policastri and Policastri Law Firm, LLC, and files this as its Amended Answer to the Complaint with Cross-Claim against Defendant David E. Harvey Builders, Inc. and Counter-Claim as to Jacinto Garcia Romero, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

The Subcontractor's Gateway, Inc. has no liability in this case as it is not the proper party defendant as it is an internet company employing or purporting to employ none of the Plaintiffs. Nevertheless, to the extent this Court denies this defense, all other defenses and denials pled as to TSCG and Frank Marceron shall apply to The Subcontractor's Gateway, Inc. as well.

1

## THIRD DEFENSE

Darlene Marceron has no liability in this case as she was never employed by Frank Marceron or TSCG nor did she ever employ Plaintiffs. Nevertheless, to the extent this Court denies this defense, all other defenses and denials pled as to TSCG and Frank Marceron shall apply to Darlene Marceron, as well.

## FOURTH DEFENSE

AND NOW, for answer to the allegations of the Complaint, TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc.  respond to each numbered allegation as follows:

1.      The allegations contained in the Complaint at Paragraph 1 are denied except to the extent that at one time TSCG employed Plaintiffs to perform construction services at a Gold's Gym fitness facility in Riverdale Park Station.

2.      The allegations contained in the Complaint at Paragraph 2 containing the legal basis for the civil action require no answer. To the extent an answer is required, the allegations are denied.

## JURISDICTION & VENUE

The allegations of subject matter jurisdiction contained in the Complaint at Paragraph 3 require no answer.

4.      The allegations of supplemental jurisdiction over the state law claims contained in the Complaint at Paragraph 4 require no answer.

5.      The allegations of venue contained in the Complaint at Paragraph 5 require no answer.

## PARTIES

6.     The allegations contained in the Complaint at Paragraph 6 concerning Ms. Aguilar's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 6 are denied.

7.     The allegations contained in the Complaint at Paragraph 7 concerning Mr. Baires' residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 7 are denied.

8.     The allegations contained in the Complaint at Paragraph 8 concerning Mr. Chavarria's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 8 are denied.

9.     The allegations contained in the Complaint at Paragraph 9 concerning Ms. Ferrer's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 9 are denied.

10.     The allegations contained in the Complaint at Paragraph 10 concerning Mr. Garcia Romero's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 10 are denied.

11.     The allegations contained in the Complaint at Paragraph 11 concerning Mr. Marroquin's residency are denied for lack of sufficient information to justify a belief therein.

The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 11 are denied.

12.     The allegations contained in the Complaint at Paragraph 12 concerning Mr. Martinez's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 12 are denied.

13.     The allegations contained in the Complaint at Paragraph 13 concerning Mr. Panozo's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 13 are denied.

14.     The allegations contained in the Complaint at Paragraph 14 concerning Mr. Revelo's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 14 are denied.

15.     The allegations contained in the Complaint at Paragraph 15 concerning Mr. Torres's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 15 are denied.

16.     The allegations contained in the Complaint at Paragraph 16 concerning Mr. Veizaga Prada's residency are denied for lack of sufficient information to justify a belief therein. The allegations concerning employment by TSCG for the time period alleged in the Complaint at Paragraph 16 are denied.

17.     The allegations contained in the Complaint at Paragraph 17 concerning each Plaintiff's consent to become a party require no answer.

18.     The allegations contained in the Complaint at Paragraph 18 concerning David E. Harvey Builders, Inc. ("Harvey-Cleary") are denied for lack of sufficient information to justify a belief therein.

19.     The allegations contained in the Complaint at Paragraph 19 are denied except to the extent that The Subcontractors Gateway, Inc. was incorporated by Frank Marceron who was its resident agent while the corporation was active. The allegations against The Subcontractors Gateway, Inc. and Darlene Marceron are denied on the basis that neither Defendant has ever been Plaintiffs' employer.

20.     The allegations contained in the Complaint at Paragraph 20 are denied except to the extent that TSCG has its principal place of business in Anne Arundel County, Maryland and is operated by Frank Marceron. The allegations against Darlene Marceron are denied on the basis that she was never employed by TSCG or Frank Marceron.

21.     The allegations contained in the Complaint at Paragraph 21 are admitted except as to all times relevant to the allegations in the lawsuit.

22.     The allegations contained in the Complaint at Paragraph 22 are denied.

23.     The allegations of the Complaint contained at Paragraph 23 are denied.

**STATEMENT OF FACTS**

24.     The allegations contained in the Complaint at Paragraph 24 require no answer. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

25.     The allegations contained in the Complaint at Paragraph 25 are admitted.

26.     The allegations contained in the Complaint at Paragraph 26 are denied for lack of sufficient information to justify a belief therein but admitted to the extent that Harvey-Cleary provided construction schedules, arranged logistics, and controlled project costs on the Gold's Gym Project.

27.     The allegations of the Complaint contained at Paragraph 27 are admitted.

28.     The allegations of the Complaint contained at Paragraph 28 are denied except to admit that TSCG was a subcontractor of Harvey-Cleary by virtue of the subcontract agreement dated October 4, 2017.

29.     The allegations of the Complaint contained at Paragraph 29 are denied except to the extent that after January 5, 2018, Harvey-Cleary solely supervised the workers and were responsible for their wages.

30.     The allegations of the Complaint contained at Paragraph 30 are denied except as to Harvey-Cleary's subcontracting portions of work to TSCG.

31.     The allegations of the Complaint contained at Paragraph 31 are admitted.

32.     The allegations of the Complaint contained at Paragraph 32 are denied.

33.     The allegations of the Complaint contained at Paragraph 33 are denied.

34.     The allegations of the Complaint contained at Paragraph 34 are denied.

35.     The allegations of the Complaint contained at Paragraph 35 are denied.

36.     The allegations of the Complaint contained at Paragraph 36 are denied.

37.     The allegations of the Complaint contained at Paragraph 37 are denied.

38.     The allegations of the Complaint contained at Paragraph 38 are denied.

39.     The allegations of the Complaint contained at Paragraph 39 are denied.

40.     The allegations of the Complaint contained at Paragraph 40 are denied.

41.     The allegations of the Complaint contained at Paragraph 41 are denied.

42.     The allegations of the Complaint contained at Paragraph 42 are denied.

43.     The allegations of the Complaint contained at Paragraph 43 denied.

44.     The allegations of the Complaint contained at Paragraph 44 are denied.

45.     The allegations of the Complaint contained at Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.     The allegations of the Complaint contained at Paragraph 46 are admitted for the time period when TSCG was at the job site, but denied as to the time period thereafter for lack of sufficient information to justify a belief therein.

47.     The allegations of the Complaint contained at Paragraph 47 are admitted for the time period when TSCG was at the job site, but denied as to the time period thereafter for lack of sufficient information to justify a belief therein.

48.     The allegations of the Complaint contained at Paragraph 48 are denied.

49.     The allegations of the Complaint contained at Paragraph 49 are denied.

50.     The allegations of the Complaint contained at Paragraph 50 are admitted as the Plaintiffs were employed by Harvey-Cleary at the relevant time in question.

51.     The allegations of the Complaint contained at Paragraph 51 are admitted as to some Plaintiffs for the time period when TSCG was at the job site, but denied as to the time period thereafter for lack of sufficient information to justify a belief therein.

52.     The allegations of the Complaint contained at Paragraph 52 are admitted.

53.     The allegations of the Complaint contained at Paragraph 53 are admitted.

54.     The allegations of the Complaint contained at Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.     The allegations of the Complaint contained at Paragraph 55 are denied except to admit that TSCG no longer employed these Plaintiffs for their work on the Gold's Gym Project.

56.     The allegations of the Complaint contained at Paragraph 56 are admitted as to some Plaintiffs for the time period when TSCG was at the job site, but denied as to allegations against Harvey-Cleary for lack of sufficient information to justify a belief therein.

57.     The allegations of the Complaint contained at Paragraph 57 are denied except to admit that some of the Plaintiffs complained to Frank Marceron that Harvey-Cleary reneged on their agreement to pay the Plaintiffs their wages all at a time when the Plaintiffs were no longer employed by TSCG and instead were directly employed by Harvey-Cleary.  TSCG further avers that Plaintiff Jacinto Garcia Romero wrote an email to TSCG on January 17, 2018 in which he stated: "I know we don't work for you guys anymore."  TSCG further avers that on January 17, 2018 in an email to TSCG Jacinto Garcia Romero stated that he wanted TSCG to "contact Harvey Cleary Mr. Voce and ask him to please get me the paperwork for my employees so I can make sure I get paid.  Can you ask Frank what he would charge hourly so I can charge them the right amount of monie [sic]." Plaintiff Jacinto Garcia Romero had taken on the role of employer of the other plaintiffs. The referenced email thread is attached hereto as Exhibit 1.

58.     The allegations of the Complaint contained at Paragraph 58 are denied.

59.     The allegations of the Complaint contained at Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.     The allegations of the Complaint contained at Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.     The allegations of the Complaint contained at Paragraph 61 are denied for lack of sufficient information to justify a belief therein.  Further, TSCG avers that Plaintiff Garcia

Romero is at this point in time, after January 5, 2018, not merely a co-worker with the Plaintiffs but their employer.

62.    The allegations of the Complaint contained at Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.    The allegations of the Complaint contained at Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.    The allegations of the Complaint contained at Paragraph 64 are denied as they relate to any Defendant other than Harvey-Cleary, and as to Harvey-Cleary the allegations are denied for lack of sufficient information to justify a belief therein.

65.    The allegations of the Complaint contained at Paragraph 65 are denied except to admit the contents of the subcontract between TSCG and Harvey-Cleary, which document is the best evidence of its contents and everything at variance therewith is denied.

66.    The allegations of the Complaint contained at Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.    The allegations of the Complaint contained at Paragraph 67 are denied except to admit that after the Plaintiffs left the TSCG employ to work directly for Harvey-Cleary, at that time TSCG asserted they were employed by Harvey-Cleary only, and that F. Marceron did draft letters and try to assist Plaintiffs in being paid by Harvey-Cleary.

68.    The allegations of the Complaint contained at Paragraph 68 are denied as to any defendant other than Harvey-Cleary, and as to Harvey-Cleary the allegations are denied for lack of sufficient information to justify a belief therein.

69.    The allegations of the Complaint contained at Paragraph 69 are denied except to admit the contents of the articles and registrations on file with the State of Maryland Department

of Assessment and Taxation, the contents of the registrations are the best evidence of the contents, and everything at variance therewith is denied.

70.     The allegations of the Complaint contained at Paragraph 70 are denied.

71.     The allegations of the Complaint contained at Paragraph 71 are denied.

72.     The allegations of the Complaint contained at Paragraph 72 are denied.

73.     The allegations contained in the Complaint at Paragraph 73 require no answer. To the extent an answer is required, the allegations are denied.

74.     The allegations contained in the Complaint at Paragraph 74 require no answer. To the extent an answer is required, the allegations are denied, especially as to the characterization of Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. as "joint employers" during the times relevant to the Complaint.

75.     The allegations contained in the Complaint at Paragraph 75 are denied.

76.     The allegations contained in the Complaint at Paragraph 76 are denied.

77.     The allegations of the Complaint contained at Paragraph 77 are denied.

78.     The allegations of the Complaint contained at Paragraph 78 are denied.

79.     The allegations of the Complaint contained at Paragraph 79 are denied.

<u>**COUNT I**</u>

<u>**FAIR LABOR STANDARDS ACT**</u>

**(Denial of Minimum and Overtime Wages under Federal Law)**

80.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. incorporate by reference their answers, defenses and denials to Paragraphs 1 through 79 to Plaintiffs' Complaint.

81.     The allegations of the Complaint contained at Paragraph 81 are denied.

82.     The allegations of the Complaint contained at Paragraph 82 are denied.

## COUNT II

## MARYLAND WAGE AND HOUR LAW

### (Denial of Minimum and Overtime Wages under Maryland Law)

83.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc.  incorporate by reference their answers, defenses and denials to Paragraphs 1 through 82 to Plaintiffs' Complaint.

84.     The allegations of the Complaint contained at Paragraph 84 are denied.

85.     The allegations of the Complaint contained at Paragraph 85 are denied.

## COUNT III

## MARYLAND WAGE PAYMENT AND COLLECTION ACT

### (Failure to Pay All Wages Timely and Regularly)

86.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc.  incorporate by reference their answers, defenses and denials to Paragraphs 1 through 85 to Plaintiffs' Complaint.

87.     The allegations of the Complaint contained at Paragraph 87 are denied.

88.     The allegations of the Complaint contained at Paragraph 88 are denied.

89.     The allegations of the Complaint contained at Paragraph 89 are denied.

## COUNT IV

## PROMISSORY ESTOPPEL

90.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc.  incorporate by reference their answers, defenses and denials to Paragraphs 1 through 89 to Plaintiffs' Complaint.

91.     The allegations of the Complaint contained at Paragraph 91 are denied.

92.     The allegations of the Complaint contained at Paragraph 92 are denied.

93.     The allegations of the Complaint contained at Paragraph 93 are denied.

94.     The allegations of the Complaint contained at Paragraph 94 are denied.

95.     The allegations of the Complaint contained at Paragraph 95 are denied.

96.     The allegations of the Complaint contained at Paragraph 96 are denied.

## COUNT V

## QUANTUM MERUIT

97.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc.  incorporate by reference their answers, defenses and denials to Paragraphs 1 through 96 to Plaintiffs' Complaint.

98.     The allegations of the Complaint contained at Paragraph 98 are denied.

99.     The allegations of the Complaint contained at Paragraph 99 are denied.

100.    The allegations of the Complaint contained at Paragraph 100 are denied.

101.    The allegations of the Complaint contained at Paragraph 101 are denied.

102.    The allegations of the Complaint contained at Paragraph 102 are denied.

103.    The allegations of the Complaint contained at Paragraph 103 are denied.

AND NOW FOR FURTHER ANSWER, TSCG, Frank Marceron, The Subcontractor's Gateway Inc., and Darlene Marceron affirmatively aver as follows:

## FIFTH DEFENSE

Plaintiffs' claims as against Frank Marceron, Darlene Marceron and The Subcontractors Gateway, Inc. are barred in as much as they were not TSCG, Inc., Plaintiffs' employer prior to

January 5, 2018, and therefore the claims do not apply to Frank Marceron, Darlene Marceron and The Subcontractors Gateway, Inc.

## SIXTH DEFENSE

Plaintiffs' claims are barred by laches or the applicable statute of limitations.

## SEVENTH DEFENSE

Any actions of TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. were not willful or intentional in that they did not act unreasonably nor did they know or show reckless disregard to whether the conduct complained of was prohibited by statute.

## EIGHTH DEFENSE

TSCG complied with all wage and hour laws.

## NINTH DEFENSE

TSCG made all payments that were due and owing.

## TENTH DEFENSE

Plaintiffs' claims are barred by release.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by waiver.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because they assumed the risk of working directly for another entity on the job when TSCG indicated to them that they would no longer be assigned to that project.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by estoppel.

13

## FOURTEENTH DEFENSE

TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. reserve the right to plead additional affirmative defenses of which they may learn during the course of discovery.

WHEREFORE the premises considered TSCG, Frank Marceron, The Subcontractor's Gateway, Inc., and Darlene Marceron request that this Court deem this Amended Answer to be good and sufficient and after all proceedings are had there be judgment entered in favor of TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. and against the Plaintiffs dismissing all claims with prejudice and for all costs of these proceedings.  TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. further request any and all general and equitable relief to which they may be entitled.

## AMENDED CROSSCLAIM AS TO HARVEY-CLEARY

AND NOW, taking the position as Crossclaimants, TSCG, Frank Marceron, The Subcontractor's Gateway, Inc., and Darlene Marceron assert the following as their amended crossclaim against Harvey-Cleary as follows:

1.      At all material times hereto up to January 5, 2018, Defendant TSCG through Frank Marceron provided a crew to Harvey-Cleary for the Gold's Gym project ("project" or "jobsite") pursuant to a subcontract.

2.      At all material times hereto, Harvey-Cleary stopped paying TSCG who then told its employees on or about January 5, 2018 to stop reporting to work at the jobsite.

3.      One or more of the Plaintiffs on behalf of all of the Plaintiffs approached Frank Marceron and said that they were offered employment, specifically including payment, by

Harvey-Cleary, if Plaintiffs would continue on the jobsite as employees of Harvey-Cleary, despite TSCG instructing Plaintiffs to not work at the jobsite any longer.

4.      At all material times hereto, as of January 5, 2018, TSCG no longer provided services or workers, including these Plaintiffs, at the jobsite under the subcontract.

5.      TSCG had no relationship to the project or to the Plaintiffs after January 5, 2018.

6.      To induce the Plaintiffs to work directly for Harvey-Cleary, Harvey-Cleary agreed through Mark Voce and others that Harvey-Cleary would be solely responsible for paying them.

7.      Accordingly, there is a duty of indemnity in the event TSCG is cast in judgment for payment of wages owed by Harvey-Cleary.

8.      TSCG terminated or severed the employment relationship with the Plaintiffs for any work on the project after or about January 5, 2018.

9.      Beginning on or about January 5, 2018, at all material times hereto, Harvey-Cleary took on the Plaintiffs as its direct employees.

10.      Harvey-Cleary promised to pay the Plaintiffs for their work on the jobsite.

11.      Harvey-Cleary undertook the benefits and obligations of Plaintiffs' employment at the jobsite.

12.      As a result of Harvey-Cleary's undertaking and assurances that they would be paid directly by Harvey-Cleary, Plaintiffs agreed to the mutual termination of their employment relationship with TSCG on the project.

13.      At all times material hereto, the Plaintiffs were no longer employed by TSCG but were solely employed by Harvey-Cleary.

14.     Plaintiffs elected to continue on the project at the sole direction of Harvey-Cleary.

15.     At all times material hereto, Harvey-Cleary and not TSCG, determined the essential terms and conditions of Plaintiffs' employment including exercising sole supervision and direction of the Plaintiffs' work and schedule.

16.     To the extent that a judgment for wages and/or other benefits is entered against TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc., or any one of them, they hereby claim that they are owed from Harvey-Cleary any and all amounts for which they may be cast in judgment under theories of indemnity and/or contribution.

WHEREFORE, Crossclaimants request that this Court enter relief in their favor and against Defendant in Crossclaim, Harvey-Cleary and order that in the event Defendants/Crossclaim Plaintiffs are cast in judgment that Crossclaim Defendant, Harvey-Cleary be adjudged liable to Crossclaim Plaintiffs for any and all amounts in indemnity and/or contribution.

## COUNTERCLAIM AS TO JACINTO GARCIA ROMERO

AND NOW, taking the position as Counterclaimants, TSCG, Frank Marceron, The Subcontractor's Gateway, Inc., and Darlene Marceron assert the following as their Counterclaim against Jacinto Garcia Romero, as follows:

1.     TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc. hereby reiterate and incorporate by reference each of the foregoing defenses and denials as if stated fully herein.

2.     At all material times hereto up to January 5, 2018, Defendant TSCG through Frank Marceron provided a crew to Harvey-Cleary for the Gold's Gym project ("project" or

"jobsite") pursuant to a subcontract. In order to provide the crew, Jacinto Garcia Romero provided the workers that comprised the crew and thus served as the employer for those crewmembers. The subcontractor arrangement is exemplified by the documents attached hereto and incorporated herein by reference as Exhibit 2.

      3.     At all material times hereto, Harvey-Cleary stopped paying TSCG who then told its employees through Jacinto Garcia Romero that on or about January 5, 2018 they were to stop reporting to work at the jobsite.

      4.     Jacinto Garcia Romero, who had assembled the crew to work underneath him, then approached Defendant Frank Marceron and said that he and "his" crew would like to take over the job from TSCG and that they were to receive payment from Harvey-Cleary.

      5.     At all material times hereto, as of January 5, 2018, TSCG no longer provided services or workers, including the Plaintiffs, at the jobsite under the subcontract.

      6.     TSCG had no relationship to the project or the Plaintiffs after January 5, 2018.

      7.     Further Jacinto Garcia Romero individually and on behalf of the Plaintiffs comprising his crew had no relationship to TSCG after January 5, 2018.

      8.     On the Harvey-Cleary jobsite, after January 5, 2018, Jacinto Garcia Romero served as the employer of the remaining Plaintiffs and is solely responsible for paying them. Garcia Romero's position vis a vis the remaining Plaintiffs is exemplified in his email, Exhibit 1, wherein he is acting as the employer and referring to the other Plaintiffs as his employees.

      9.     Accordingly, there is a duty of indemnity in the event TSCG is cast in judgment for payment of wages owed by Jacinto Garcia Romero, the Plaintiffs' employer.

      10.    TSCG terminated or severed the employment relationship with the Plaintiffs for any work on the project after or about January 5, 2018.

11.     Jacinto Garcia Romero was at all material times an employer or a joint employer of the Plaintiffs in as much as he treated the crew as his labor.

12.     Beginning on or about January 5, 2018, at all material times hereto, Jacinto Garcia Romero took on the Plaintiffs as his direct employees to the exclusion of TSCG and began work on the Project for Harvey-Cleary.

13.     Specifically, the attached email thread between Jacinto Garcia Romero and Sarah Haislipp at TSCG shows Jacinto Garcia asking the following: a. Please contact Harvey-Cleary to get me the paperwork for *my employees*, and b. What would Frank charge so I can charge them [Harvey-Cleary]. (Emphasis supplied). See email thread attached hereto as Exhibit 1.

14.     Jacinto Garcia Romero promised to pay the Plaintiffs for their work on the jobsite.

15.     Jacinto Garcia Romero undertook the benefits and obligations of Plaintiffs' employment at the jobsite.

16.     As a result of Jacinto Garcia Romero's undertaking and assurances that they would be paid directly by Jacinto Garcia Romero, Plaintiffs agreed to the mutual termination of their employment relationship with TSCG on the project and began working as part of Jacinto's crew at the Harvey-Cleary jobsite.

17.     At all times material hereto, after January 5th, 2018, the Plaintiffs were no longer employed by TSCG but were employed by Jacinto Garcia Romero.

18.     Plaintiffs elected to continue on the project at the sole direction of Jacinto Garcia Romero.

19.     At all times material hereto, after January 5th, 2018, Jacinto Garcia Romero, and not TSCG, determined the essential terms and conditions of their employment including exercising sole supervision and direction of the Plaintiffs' work and schedule.

20.     After January 5, 2018, Jacinto Garcia Romero was acting in a subcontractor role vis-à-vis Harvey-Cleary, having taken the subcontracted work from TSCG.

21.     To the extent that a judgment for wages and/or other benefits is entered against TSCG, Frank Marceron, Darlene Marceron, and The Subcontractor's Gateway Inc., or any one of them, on the grounds set forth in the Complaint under promissory estoppel or quantum meruit theories, then the Marceron defendants hereby claim that they are owed from Jacinto Garcia Romero any and all amounts for which they may be cast in judgment under theories of indemnity and/or contribution.

22.     The Marceron defendants also seek a declaratory judgment from this Court that Jacinto Garcia Romero was also an employer, and as such that his claims are barred against the Marceron Defendants, and further that he also should be joined as a party defendant as an employer of the remaining plaintiffs.

23.     In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declarations. 28 U.S.C. § 2201(a).

24.     There is an actual case or controversy within its jurisdiction.

25.     There is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

WHEREFORE, Counterclaimants request that this Court enter relief in their favor and against Defendant in Counterclaim, Jacinto Garcia Romero, and order that in the event

Defendants/Counterclaim Plaintiffs are cast in judgment on the state law claims of promissory estoppel or quantum meruit, that Counterclaim Defendant, Jacinto Garcia Romero, be adjudged liable to Counterclaim Plaintiffs for any and all amounts in indemnity and/or contribution.  And further, Counterclaim Plaintiffs request that this Court enter a declaratory judgment adjudicating the rights and legal relations and rule that Jacinto Garcia Romero is also an employer of the remaining Plaintiffs.  Counterclaim Plaintiffs also seek any and all general and equitable relief to which they may be deemed entitled.

.                                            Respectfully submitted,

**POLICASTRI LAW FIRM LLC**
/s/ Eugene W. Policastri
By:      Eugene W. Policastri (14917)
600 Jefferson Plaza, Suite 308
Rockville, MD  20852
240.660.2219 (Phone)
240.235.4399 (Fax)
gene@policastrilawfirm.com
*Attorney for*
*Defendants/Crossclaimants/Counterclaimants*
*TSCG, The Subcontractors Gateway, Inc., Frank*
*Marceron, and Darlene Marceron*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st  day of January 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which sends electronic notification of such filing to all CM/ECF participants.

/s/Eugene W. Policastri
Eugene W. Policastri