IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **ANGELLA AGUILAR, et al.** )<br>)<br>**Plaintiffs,** )<br>)<br>)<br>v. )<br>)<br>**DAVID E. HARVEY BUILDERS, INC., et al.,** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 8:18-cv-03953 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST THE SUBCONTRACTORS GATEWAY, INC. AND TSCG DRYWALL AND PAINTING, LLC, AND DISMISSAL OF COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiffs, through undersigned counsel, move for individual default judgments against Defendants The Subcontractors Gateway Inc. and TSCG Drywall and Painting, LLC, both doing business as "TSCG Inc." and collectively referred to herein as "TSCG Corporate Defendants." Further, pursuant to Fed. R. Civ. P. 41(b), Plaintiff Jacinto Garcia moves for dismissal of the TSCG Corporate Defendants' counterclaim against him. This Court determined the TSCG Corporate Defendants to be in default on July 19, 2021. ECF No. 97. For the reasons explained herein, Plaintiffs request that this Court enter individual judgments in the amounts below, dismiss the TSCG Corporate Defendants' counterclaim against Plaintiff Jacinto Garcia, and award counsel their reasonable attorneys' fees and costs.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs Angella Aguilar, Luis Baires, Carlos Chavarria, Blanca Ferrer, Jacinto Garcia Romero, Fabricio Marroquin, Antonio Martinez, Wilson Panozo, Fredy Veizaga Prado, Jose Feliciano Revelo, and Jose Antonio Torres allege that they worked varying amounts of time constructing a Gold's Gym fitness facility in Prince George's County in early 2018 without

being paid. They assert claims against the TSCG Corporate Defendants, as one of their joint employers, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq*, as well as common law quantum meruit and promissory estoppel claims.[1] In their Amended Answer, the TSCG Corporate Defendants deny liability and assert a counterclaim against Plaintiff Jacinto Garcia. ECF No. 44.

The TSCG Corporate Defendants were initially represented by attorneys Eugene W. Policastri and Aviva E.A. Zierler. On March 10, 2021, after having given notice four months prior, on November 10, 2020, of their intent to terminate their representation, Mr. Policastri, Ms. Zierler, and their firm moved to withdraw as counsel. ECF No. 80-1. This Court granted the motion on March 23, 2021, and advised the TSCG Corporate Defendants of Local Rule 101, which prohibits corporate entities from litigating their defenses and counterclaims without an attorney. ECF Nos. 81, 82, 83. On April 12, 2021, Plaintiffs requested the clerk's entry of default. ECF No. 84. The TSCG Corporate Defendants opposed default on April 23, 2021, requesting that the Court grant them "until the middle of June to get an attorney." ECF No. 88. Well over thirty days after the March 10 motion, and well past even their mid-June 2021 requested date, the TSCG Corporate Defendants remain unrepresented. On July 19, 2021, the clerk entered default against the TSCG Corporate Defendants. ECF No. 97.

---

[1] Plaintiffs' Complaint also names, as Defendants and joint employers with the TSCG Corporate Defendants, David E. Harvey Builders, Inc., Frank Marceron, and Darlene Marceron. After filing, Plaintiffs' claims against Mr. Marceron, individually, were stayed because he filed a bankruptcy petition, but that filing does not preclude entry of default judgment against the TSCG Corporate Defendants. ECF No. 59. Plaintiffs also voluntarily dismissed their claims against Ms. Marceron without prejudice. ECF Nos. 87, 90. Plaintiffs continue to pursue their claims against David E. Harvey Builders, Inc.

## II.   ARGUMENT

### A. Default Judgment is Appropriate Where a Defendant Fails to Defend Plaintiffs' Claims and Where Plaintiffs Establish Liability and Prove Their Damages Through Affidavits or Other Documentary Evidence.

Default judgment under Rule 55 involves a two-step process.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, the plaintiff "must apply to the court for a default judgment" in the amount of damages sought.  Fed. R. Civ. P. 55(b).

Entry of default is appropriate where a corporate party fails to secure legal representation and thus cannot defend itself against claims for affirmative relief or prosecute its claims.  *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel"); Md. R. 2-131(a)(2) ("a person other than an individual may enter an appearance only by an attorney"); Fed. R. Civ. P. 55 (entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to . . . otherwise defend").  Under the Local Rules of this Court, a corporate defendant has a "thirty-day 'safe harbor' period that follows the filing of a motion to withdraw, during which [the defendant] may obtain new counsel." *LNV Corp. v. Harrison Fam. Bus.*, No. CV-ELH-14-03778, 2016 WL 11740000, *2 (D. Md. Mar. 16, 2016).  If the corporate defendant fails to secure counsel within that period, it "cannot participate in any remaining proceedings" and default may be entered.  *Id*.

After entry of default against a party, an opposing party may move for a default judgment.  Fed. R. Civ. P. 55(b).  In reviewing a motion for default judgment, a court must take

3

as true the well-pled allegations of a complaint as to liability, even where the defaulting party initially participated in the litigation. *See, e.g., Bocangel v. Warm Heart Fam. Assist. Living, Inc.*, 8:16-cv03989-PX, 2021 WL100700, *1, 3 (D. Md. Jan. 12, 2021) (crediting allegations in the plaintiff's complaint to establish liability on default judgment motion against the corporate defendant who initially participated in the suit but later defaulted as a result of the withdrawal of its counsel); *see also Carrillo v. Borges Constr., LLC*, No. GJH-13-641, 2016 WL 5716186, *2 (D. Md. Sept. 30, 2016) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005)) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true . . .").

In determining the amount of damages due, the court "may hold a hearing, [but] it is not required to do so; it may rely instead on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *CapitalSource Finance, LLC v. Delco Oil, Inc.*, No. DKC-06-2706, 2010 WL 3733934, at *2 (D. Md. Sept. 20, 2010). Indeed, when confronted with motions for default judgment, judges in this District frequently award damages in wage and hour cases based on plaintiff affidavits concerning their hours and pay, along with any available supporting documentation. *E.g., Stewart v. Next Level Sec. Servs., LLC*, No 8:19-cv-2144-PWG, 2021 WL 365835, at *2 (D. Md. Feb. 2, 2021) (court "may dispense with" a damages hearing on a motion for default judgment in a wage and hour case, and may determine the amount of damages based on affidavits detailing hours); *Bocangel*, 2021 WL100700, at *3 (awarding damages based on plaintiffs' "detailed, sworn declarations"); *Martinez v. Capitol Drywall, Inc.*, No. DKC-13-1563, 2014 WL 6983443, at *1 (D. Md. Oct. 24, 2014) (entering a default judgment without a hearing where Plaintiffs supported their claim for damages, costs and fees by way of declarations and paystubs) (recommendation of magistrate judge overruled on other grounds).

Plaintiffs' burden of proof in a case such as this is informed by the applicable federal and state wage laws. Both the FLSA and Maryland wage laws require employers to keep records of the hours worked and wages earned by their employees. *See* 29 C.F.R. § 516.2(a); Md. Code Ann., Lab. & Empl. §§ 3-424, 3-504. However, where those records are "inaccurate or inadequate," an employee plaintiff's burden is to prove the amount and extent of the improperly compensated work "as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (superseded by statute on other grounds); *accord Scalia v. Sofia & Gicelle, Inc.*, No. TDC-19-0934, 2020 WL 7828770, at *4-5 (D. Md. Dec. 3, 2020). This "just and reasonable inference" standard applies equally to state law claims under the MWHL and MWPCL. *See, e.g., Castro v. Cordoba Enters., LLC*, No. GLR-16-1276, 2019 WL 1409699, at *5 n.9 (D. Md. Mar. 28, 2019) (applying *Mt. Clemens Pottery* standard to claims under the FLSA and MWHL); *Lopez v. Lawns 'R' Us*, No. DKC 07-2979, 2008 WL 227353, at *3, n.5 (D. Md. May 23, 2008) (report and recommendation applying *Mt. Clemens Pottery* to claims asserted under the MWHL and MWPCL).

Once Plaintiffs make this threshold showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn" from the evidence presented by the employee. *Mt. Clemens Pottery*, 328 U.S. at 687-88. Where the employer defendant fails to offer evidence to rebut that inference, the plaintiff's credible evidence is sufficient to meet her burden and allow a court to award damages. *Castro*, 2019 WL 1409699, at *6. This is so even if the plaintiff's evidence for wages and damages owed is approximate, uncertain, difficult to calculate, or "inexact or not perfectly accurate." *Donovan v. Kentwood Dev. Co. Inc.*, 549 F. Supp. 480, 485-86 (D. Md. 1982).

### B. The TSCG Corporate Defendants Are Unrepresented and Have Failed to Defend Against Plaintiffs' Claims.

The TSCG Corporate Defendants' previous counsel moved to withdraw on March 10, 2021. ECF No. 80-1. Since then, the 30-day safe harbor period has elapsed – as has these Defendants' own proposed extension of time until mid-June 2021 – without any entry of appearance by new counsel. ECF No. 88. As corporate entities, the TSCG Corporate Defendants cannot represent themselves in this Court. *See* Local Rule 101.1(a) (establishing that parties other than individuals must be represented by counsel); Md. R. 2-131(a)(2) (same); *see also* Letter from Deputy Clerk to The Subcontractors Gateway, Inc. and Letter from Deputy Clerk to TSCG Drywall & Painting, LLC. ECF Nos. 82, 83. Thus, their failure to retain counsel precludes their further participation in this litigation and places them in default, which this Court entered on July 19, 2021. ECF No. 97. *See, e.g., LNV*, 2016 WL 11740000, *2.

### C. Plaintiffs Have Established Liability as to the TSCG Corporate Defendants.

When reviewing a motion for default judgment, the Court must take as true the well-pled allegations in the complaint as to liability. *Carillo*, 2016 WL 5716186, at 2; *Bocangel*, 2021 WL100700, at *1, 3. Here, Plaintiffs have adequately alleged that the TSCG Corporate Defendants violated their rights under the FLSA, MWHL, and MWPCL, and that these Defendants are liable to Plaintiffs on their claims of promissory estoppel and quantum meruit. Specifically, Plaintiffs' Complaint alleges that they were employed by the TSCG Corporate Defendants as drywall installers on a fitness facility construction project in Riverdale, Maryland, for varying periods between the fall of 2017 and February of 2018. ECF No. 1, Compl. ¶¶ 1, 6-16. It further alleges that Plaintiffs worked in the range of 40-plus hours per week, sometimes more, at hourly rates varying between 14 and 30 dollars, but were not paid at all for any of the work that they performed after January 1, 2018; indeed, they were each presented with only one

6

paycheck dated January 31, 2018, for the period in question, but it was non-negotiable. *Id.* at ¶¶ 33-44, 46, 51, 55, 68.  Thus, the Complaint alleges, the TSCG Corporate Defendants violated Plaintiffs' right to receive the federal ($7.25) and state minimum hourly wage ($9.25 for the period of their claims in January and February 2018), overtime compensation equal to one-and-a-half times their regular rate for weekly hours over 40, and their promised payments at least biweekly or semi-monthly and upon termination of their employment.  29 U.S.C. §§ 206(a)(1), 207; Md. Lab. & Empl. §§ 3-413(c), 3-415(a), 3-502, 3-505.  Further, the Complaint alleges that the TSCG Corporate Defendants are liable to Plaintiffs in promissory estoppel because Plaintiffs continued to work in reliance on the Defendants' promises of payment, and in quantum meruit.  Because would be inequitable to permit the Defendants to retain the fruits of the Plaintiffs' labor without compensating them for its value. *Id.* at ¶¶ 90-103.

In addition, Plaintiffs have provided declarations and timeslips which support the above allegations of liability in their complaint.  Ex. 1, Aguilar Decl.; Ex. 2, Baires Decl.; Ex. 3, Chavarria Decl.; Ex. 4, Ferrer Decl.; Ex. 5, Garcia Decl.; Ex. 6, Marroquin Decl.; Ex. 7, Martinez Decl.; Ex. 8, Panozo Decl. and Attachments; Ex. 9, Prado Decl.; Ex. 10, Revelo Decl.; Ex. 11, Torres Decl.; Ex. 12, Consolidated Timeslips.  Such testimonial and documentary evidence is not necessary to establish liability for purposes of default judgment, *see Carillo*, 2016 WL 5716186, at *2, but it reinforces Plaintiffs' allegations in their well-pled complaint.

### D.  Plaintiffs Have Established the Amount of Their Unpaid Wages.

Plaintiffs' declarations and supporting documentation more than suffice to establish the amount of their unpaid wages.  Each Plaintiff's declaration details his or her dates of employment, hours worked per week, regular hourly rates, and Defendants' failure to pay any wages from January 1, 2018, through the end of each Plaintiffs' work on the Gold's Gym

Riverdale Project. Ex. 1, Aguilar Decl.; Ex. 2, Baires Decl.; Ex. 3, Chavarria Decl.; Ex. 4, Ferrer Decl.; Ex. 5, Garcia Decl.; Ex. 6, Marroquin Decl.; Ex. 7, Martinez Decl.; Ex. 8, Panozo Decl.; Ex. 9, Prado Decl.; Ex. 10, Revelo Decl.; Ex. 11, Torres Decl. Plaintiffs' timesheets also document their time worked on the Gold's Gym project, and their January 31, 2018 (non-negotiable) paychecks confirm their regular hourly rates and hours for the weeks of January 1-14, 2018, and January 22-28, 2018. Ex. 12, Consolidated Timesheets; Ex. 13, Consolidated Non-Negotiable Paychecks. This Court and others have previously found similar evidence sufficient to establish unpaid wages and damages for purposes of a default judgment. *See, e.g., Bocangel*, 2021 WL100700, at *3 (relying on Plaintiffs "detailed, sworn declarations" to determine the amount of unpaid wages and damages); *Cruz v. Home & Garden Concepts*, No. GJH-15-204, 2016 WL 3679139, at *7 (D. Md. July 12, 2016) (awarding plaintiffs' unpaid wages and damages based on declarations and supporting documentation showing hours worked and wages received); *Melendez v. Spilled Milk Catering, LLC*, No. PWG-18-2135, 2019 WL 2921782, at *3 (D. Md. Jul. 8, 2019) (awarding default judgment for wages and damages under the FLSA based on plaintiffs' declarations and wage spreadsheets detailing hours worked and not paid).

Using the declarations, timesheets, and paystubs, Plaintiffs further demonstrate the total unpaid wages each is owed based on simple calculations using Microsoft Excel. *See* Ex. 14, Declaration of Lena Yeakey Tabulating Damages. The amount of each Plaintiff's unpaid wages is as follows: Angella Aguilar, $3,168; Luis Baires, $1,240; Carlos Chavarria, $5,290; Blanca Ferrer, $2,212; Jacinto Garcia, $9,165; Fabricio Marroquin, $4,494; Antonio Martinez, $8,000; Wilson Panozo, $1,137; Jose Feliciano Revelo, $3,075; Jose Antonio Torres, $7,750; Fredy Veizaga Prado, $1,738. *Id*. These figures also quantify the harm Plaintiffs suffered because of

their reasonable reliance on the TSCG Corporate Defendants' promises to pay, and the degree to which the Defendants were unjustly enriched by Plaintiffs' labor; thus, in addition to representing Plaintiffs' unpaid wages, they are a measure of Plaintiffs' damages for promissory estoppel and quantum meruit.

### E. Plaintiffs are Eligible for and Should be Granted Treble Damages Under the MWPCL.

#### i. Plaintiffs are Eligible for Treble Damages Under the MWPCL Because No Bona Fide Dispute Existed as to Plaintiffs' Owed Wages.

As the Maryland Court of Appeals has made clear, a plaintiff may seek treble damages under the MWPCL where a defendant's failure to pay the plaintiff's wages is not the result of a bona fide dispute. *Peters v. Early Healthcare Giver, Inc*., 97 A.3d 621, 627 (Md. 2014); *see also Cruz*, 2016 WL 3679139, at *7 (relying on *Peters* to award treble damages where defendants did not present evidence of a bona fide dispute); *Rivero v. Umberto's Italian Rest., Inc.*, No. PWG 13-2392, 2015 WL317172, at *13 (D. Md. Jan. 23, 2015) (same); *Quiroz v. Wilhelm Comm'l Builders, Inc.*, No. Civ.A-WGC-10-2016, 2011 WL 5826677, at *4 (awarding treble damages where there was a "lack of any evidence of a bona fide dispute, a good faith basis or a reasonable belief for [d]efendants . . . to withhold wages earned by [p]laintiffs for work performed"). The defendant has the burden to produce evidence demonstrating the existence of a bona fide dispute. *Peters*, 97 A.3d. at 627-28. To do so, the defendant must show that it thought it had no obligation to pay and that this position was "objectively and reasonably justified.'" *Id*. at 627 (quoting *Barufaldi v. Ocean City, Md. Chamber of Commerce, Inc.*, 47 A.3d 1097, 1103 (Md. 2012)); *see also, e.g., Aronson & Co. v. Fetridge*, 957 A.2d 125, 140-41 (Md. Ct. Spec. App. 2008) (finding that the existence of a bona fide dispute depends on whether the employer had a "reasonable basis" for non-payment). If the defendant fails to make such a showing, or if the

9

plaintiff rebuts the defendant's showing and demonstrates the absence of a bona fide dispute, the court may exercise its discretion to award treble damages. *Peters*, 97 A.3d. at 628.

Here, Plaintiffs allege that the TSCG Corporate Defendants did not withhold their earned wages because of a bona fide dispute. ECF No. 1, Compl. ¶ 76. *See* Md. Code Ann., Lab. & Empl. § 3-507.2(b). In particular, the Plaintiffs allege that they repeatedly complained about their unpaid wages to representatives of the TSCG Corporate Defendants, who assured Plaintiffs that they would be paid and should continue working.[2] ECF No. 1, Compl. ¶¶ 56, 57, 67, 68. Plaintiffs further attest in declarations that in late January 2018, TSCG issued them paychecks for work performed that month but advised them that the checks could not be negotiated because there were insufficient funds in the TSCG Corporate Defendants' bank account. Ex. 1, Aguilar Decl.; Ex. 2, Baires Decl.; Ex. 3, Chavarria Decl.; Ex. 4, Ferrer Decl.; Ex. 5, Garcia Decl.; Ex. 6, Marroquin Decl.; Ex. 7, Martinez Decl.; Ex. 8, Panozo Decl.; Ex. 9, Prado Decl.; Ex. 10, Revelo Decl.; Ex. 11, Torres Decl. Together, the allegations and evidence of Plaintiffs' repeated complaints and the TSCG Corporate Defendants' acknowledgment that they issued non-negotiable paychecks for work performed in January 2018 establish that the TSCG Corporate Defendants lacked any reasonable belief that they were justified in failing to pay Plaintiffs' wages. *Peters*, 439 Md. at 656-657.

While represented, the TSCG Corporate Defendants attempted to create a bona fide dispute, claiming in their amended answer with counterclaim with attached exhibits, that Plaintiffs no longer worked for them as of January 5, 2018. ECF No. 44, TSCG Amended

---

[2] Plaintiffs further allege complaints about nonpayment of wages to Defendant Harvey-Cleary Builders as well, but because the litigation against that Defendant is ongoing, those complaints are not raised here and are not relevant to default judgment as to the TSCG Corporate Defendants.

Answer, Crossclaim, and Counterclaim Against Jacinto Garcia Romero ¶ 29.  Even if the allegations in the TSCG Corporate Defendants' answer and supporting records are sufficient to meet their burden of production on the issue of bona fide dispute, Plaintiffs have succeeded in rebutting this showing.  In their declarations, Plaintiffs have each attested that they worked for TSCG through late January or into February, and in their answer to TSCG's counterclaim, they have alleged that the exhibits TSCG relies on for its position are fabricated.[3]  Ex. 1, Aguilar Decl.; Ex. 2, Baires Decl.; Ex. 3, Chavarria Decl.; Ex. 4, Ferrer Decl.; Ex. 5, Garcia Decl.; Ex. 6, Marroquin Decl.; Ex. 7, Martinez Decl.; Ex. 8, Panozo Decl. ; Ex. 9, Prado Decl.; Ex. 10, Revelo Decl.; Ex. 11, Torres Decl.; ECF No. 47, Plaintiffs' Answer to Counterclaim Against Jacinto Garcia, Defenses, ¶ 2.  By virtue of their default, the TSCG Corporate Defendants have failed to disprove or overcome Plaintiffs' testimonial evidence or allegations of fraud.  Moreover, Plaintiffs have presented documentation that the TSCG Corporate Defendants employed them well beyond January 5, including TSCG paychecks (which lacked funds) dated January 31 and covering the pay period of January 1 – January 14, 2018, and TSCG timesheets dated through late February 2018.  Ex. 13, Consolidated Paystubs.  The uncontested testimonial and documentary evidence that Plaintiffs continued to be employed by the TSCG Corporate Defendants after January 5, 2018, belies any potential claim by the TSCG Corporate Defendants to a bona fide dispute.[4]

---

[3] Plaintiffs further allege that Defendant Harvey-Cleary Builders was their joint employer. However, the Court need not address that issue here because a finding that the TSCG Corporate Defendants were Plaintiffs' employer has no bearing on whether another entity or individual may have also employed Plaintiffs jointly for the work at issue.  It is well established that employees may have more than one employer, and a finding that one entity employed Plaintiffs neither precludes nor requires a finding of joint employment.

[4] Any claim by TSCG that it lacked the funds to cover the Plaintiffs' wages because the company itself had not been paid does not provide a basis for a bona fide dispute.  Even if the claim were true, it would not remotely justify TSCG Corporate Defendants' failure to pay Plaintiffs.  *See*

11

### ii. This Court Should Exercise its Discretion to Award Treble Damages Under the MWPCL.

This Court should exercise its discretion to award Plaintiffs treble damages under the circumstances of this case. Under the precedent of Maryland's appellate courts, trial courts are "encouraged to consider the remedial purpose of the [M]WPCL when deciding whether to award [such] damages to employees." *Peters*, 439 Md. at 663. An award of enhanced damages in the absence of a bona fide dispute furthers the MWPCL's statutory objective of deterring wage theft by "provid[ing] a greater incentive for employers to pay employees the amounts owed them, in full." *Id.* at 662. Such an award is warranted here.

Plaintiffs have alleged that the TSCG Corporate Defendants failed to pay them for weeks, despite repeated requests, and then fabricated evidence post hoc to justify their non-payment. ECF No. 1, Complaint, ¶¶ 55, 75; ECF No. 47, Plaintiffs' Answer to Counterclaim Against Jacinto Garcia, Defenses, ¶ 2. Defendants have also refused to pay for more than three years, since Plaintiffs first initiated legal action to assert their claims. *See Cruz*, 2016 WL 3679139, at *7 (considering the fact that defendants' failure to pay "occurred . . . three to four years ago" in deciding to award treble damages).

---

*Roley v. Nat'l Prof'l Exch., Inc.*, 474 F. Supp. 3d 708, 725 (D. Md. Jul. 22, 2020) (finding that the employer's lack of funds was insufficient evidence that would permit a trier of fact to conclude that there was a legitimate dispute over the wage claim and amount due where the employer agreed it owed the wages that were claimed); *Smith v. ABC Training Ctr. of Md., Inc.*, No. JFM-13-306, 2013 WL 3984630, at *12 (D. Md. Aug. 1, 2013) (finding that a bank freeze is not a *bona fide* employment dispute and therefore the employer was not permitted to withhold wages based on this); *Brock v. Vafla Corp.*, 668 F. Supp. 1516, 1521 (M.D. Fla. 1987) (explaining that inability to pay is not a ground for denial of a restitutionary injunction for violations of the FLSA).

Further, although Plaintiffs are not required to demonstrate consequential damages to establish their entitlement to treble damages, [5] they did suffer such damages here. Several have testified, for instance, that they were unable to pay rent or utility bills as a direct result of not receiving their earned income on the Gold's Gym Project, and consequently, had their electricity and telephone service temporarily shut off or incurred late fees or credit card interest charges. Ex. 1, Aguilar Decl. ¶ 8; Ex. 2, Baires Decl. ¶ 8; Ex. 3, Chavarria Decl. ¶ 8; Ex. 4, Ferrer Decl. ¶ 8; Ex. 5, Garcia Decl. ¶ 8; Ex. 6, Marroquin Decl. ¶ 8; Ex. 7, Martinez Decl. ¶ 8; Ex. 8, Panozo Decl. ¶ 8; Ex. 9, Prado Decl. ¶ 8; Ex. 10, Revelo Decl. ¶ 8; Ex. 11, Torres Decl. ¶ 8. Some had to

---

[5] Maryland appellate courts have never held that consequential damages are a prerequisite to an award of treble damages under the MWPCL and, to the contrary, have emphasized that liberally awarding treble damages to plaintiffs who have been deprived of their wages further the remedial objectives of that statute. *See Peters*, 97 A.2d at 630 (explaining that the MWPCL's treble damages provision has a "remedial purpose – to cure what the Legislature saw as the problem with 'wage theft' and practical difficulties that employees had in bringing lawsuits to recover wages owed" and "encourag[ing]" trial courts to "to consider th[is] remedial purpose . . . when deciding whether to award enhanced damages" without imposing any limitations related to the existence of consequential damages); *Himes Assocs., Ltd. v. Anderson*, 943 A.2d 30, 53 (Md. Ct. Spec. App. 2008) (affirming trial court's award of treble damages under the MWPCL in the absence of any evidence or discussion of consequential damages). Indeed, as the District Court for the District of Columbia has pointed out and this Court recently recognized, this District itself introduced the "consequential damages" factor in an unpublished decision without citation to relevant support. *Serrano v. Chicken-Out, Inc.*, 209 F.Supp.3d 179, 193 (D.D.C. 2016) ("In *Lopez*, where this [consequential damages] factor originated, the court cited no authority for the proposition that consequential damages are a relevant consideration in awarding enhanced damages" under the MWPCL); *see also Boyd v. SFS Comm'ns*, CV-15-3068-PJM, 2021 WL 1430723, at *11 (D. Md. Apr. 15, 2021) ("there is no statutory requirement that consequential damages be present"). Thus, the District of Columbia district court "reject[ed] that factor as a requirement for a full award of enhanced damages" under the MWPCL and awarded treble damages in a case where the plaintiff "d[id] not allege any consequential damages." *Id.* Given that Maryland courts are the authority on the meaning of the MWPCL and that they have not required a showing of consequential damages before an award of treble recovery under that statute, this Court too should dispense with any rule or custom imposing such a requirement. Instead, this Court should embrace the Court of Appeals' "encourage[ment]" to award treble damages customarily as a means of furthering the MWPCL's "remedial" purposes. *Peters*, 97 A.2d. at 630.

skip meals or go hungry because they were unable to purchase sufficient food. Ex. 2, Baires Decl. ¶ 8; Ex. 6, Marroquin Decl. ¶ 8; Ex. 7, Martinez Decl. ¶ 8.

An award of treble damages under these circumstances would advance the remedial purposes of the MWPCL by penalizing employers who fail to pay their employees without cause and then seek to avoid liability. *Skripchenko v. VIRxSYS Corp.*, Civil Action No. TDC-13-0004, 2014 WL 4826788, at *11-12 (D. Md. Sep. 26, 2014) (noting based on *Peters* that treble damages are appropriate and awarding treble damages because the defendants did not identify a legal basis for their failure to pay their employees earned wages and made the plaintiffs endure difficulties in litigation without their earnings for two and a half years). The TSCG Corporate Defendants have not, meanwhile, presented any other reasons why this Court should not exercise its discretion to award treble damages.[6]

Accordingly, Plaintiffs urge an award of three times the amount of their unpaid wages, as set forth at Part II.B *supra*, or:

| **Plaintiff** | **Award Sought (Unpaid Wages * 3)** |
|---|---|
| Angella Aguilar | $9,504 |
| Luis Baires | $3,720 |
| Carlos Chavarria | $15,870 |

---

[6] Even if the Court exercises its discretion not to award treble damages under the MWPCL, it must, at a minimum, award double damages which are virtually automatic under the FLSA and the MWHL. *Guerra v. Teixeira*, Civil Action No. TDC-16-0618, 2019 WL 330871, at *16 (D. Md. Jan. 25, 2019) (explaining that double damages are mandatory unless the employer shows good faith or reasonable grounds that their act or omission was not a FLSA violation); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 797 (D. Md. 2010) (highlighting that the FLSA provides for mandatory liquidated damages); *Lopez*, 2008 WL 227353, at *13 (explaining that there is a presumption in favor of awarding double damages which may only be withheld if the employer demonstrates they acted in good faith and with reasonable grounds they did not violate the FLSA).

| | |
|---|---|
| Blanca Ferrer | $6,636 |
| Jacinto Garcia | $27,495 |
| Fabricio Marroquin | $13,482 |
| Antonio Martinez | $24,000 |
| Wilson Panozo | $3,411 |
| Fredy Veizaga Prado | $5,214 |
| Jose Feliciano Revelo | $9,225 |
| Jose Antonio Torres | $23,250 |

Yeakey Decl. and Attachment (setting out the method of calculating damages).

### F. The TSCG Corporate Defendants' Counterclaim Against Plaintiff Jacinto Garcia Must be Dismissed for Failure to Prosecute.

Plaintiff Jacinto Garcia is also entitled to judgment against TSCG Corporate Defendants on their counterclaim against him, which they have failed to prosecute. Fed. R. Civ. P. 41(b) provides, "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." This rule also applies to a dismissal of any counterclaim, crossclaim, or third-party claim. Fed. R. Civ. P. 41(c). In the event of withdrawal of former counsel for a party other than an individual and no appearance of new counsel for that party within thirty days, the Court may dismiss affirmative claims for relief asserted by the party. *See* Local Rule 101.2(b); Letter from Deputy Clerk to The Subcontractors Gateway, Inc. and Letter from Deputy Clerk to TSCG Drywall & Painting, LLC. ECF Nos. 82, 83.

Recognizing the severity of dismissal, courts in the Fourth Circuit take into account the following considerations in determining whether to exercise their discretion to take such action:

15

"(1) the [claimant]'s degree of personal responsibility; (2) the amount of prejudice caused the [defending party]; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). Courts generally grant dismissals when a party received and failed to heed warnings regarding required action in the case. *See e.g., Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at * 1-2 (D. Md. May 4, 2021) (balancing the *Attkisson* factors to grant a motion to dismiss as a result of the plaintiff's repeated failure to respond to notices, the plaintiff's lack of communication with the court, and prejudice to the defendant because of the plaintiff's lack of response); *Koontz v. Kimberley*, No. 1:19-cv-01321-JMC, 2021 WL 1541662, at *5-6 (D. Md. Apr. 20, 2021) (granting motion to dismiss as a result of the plaintiff's failure to comply with Federal Rules, significant prejudice to the defendants because of the plaintiff's lack of participation in discovery, and the plaintiff's disregard of the court's clear and explicit warning that dismissal may result from his actions). This Court should dismiss the TSCG Corporate Defendants' counterclaim against Plaintiff Garcia with prejudice because these Defendants failed to comply with Court's rules, their conduct prejudiced Plaintiffs, and they have a history of proceeding in a deliberately dilatory fashion.

Concerning the first and fourth *Attkisson* factors, the TSCG Corporate Defendants are responsible for their failure to timely prosecute their counterclaim, and action less drastic than dismissal is unlikely to be effective to secure their compliance with this Court's Rules. Over the past eight months, Defendants have been warned on multiple occasions of the need to secure counsel to proceed with this litigation – on November 10, 2020, through their former counsel's notice of intent to withdraw, on March 12, 2021, through their former counsel's motion to

withdraw, and on March 23, 2021, through this Court's notice accompanying its grant of the withdrawal motion. ECF Nos. 80, 80-1, 82, 83. Their failure to secure new representation in a timely manner despite these repeated notices indicates that they – rather than their former attorneys, any other party, or circumstances beyond their control – are responsible for their failure to prosecute and that the provision of additional pre-dismissal warnings is unlikely to be effective. *See, e.g., Catherine D.*, 2021 WL 1753568, at *1-2 (finding that when a party "repeatedly failed to respond to notices," the party was responsible for her actions, and court action less drastic than dismissal would be ineffective); *Koontz*, 2021 WL 1541662, at *6 (action less harsh than dismissal was unlikely to have effect where a party "disregarded" the Court's notices).

With respect to the second *Attkisson* factor, the TSCG Corporate Defendants' actions prejudiced Plaintiff Garcia. Because these Defendants have been unrepresented corporate entities since March 23, 2021, Plaintiff has been unable to conduct full discovery to defend against their counterclaim. Indeed, Plaintiffs noticed a deposition of the TSCG Corporate Defendants' corporate designee for March 26, 2021, but because of these Defendants' lack of counsel, they were unable to proceed with it before the close of discovery. ECF No. 86. *See, e.g., Koontz*, 2021 WL 1541662, at *5 (finding bad faith under the second *Attkisson* factor when a party's actions prevented the conduct of discovery).

For the third *Attkisson* factor, the TSCG Corporate Defendants deliberately attempted to delay the progress of this litigation through a last-minute request for additional time to secure counsel on the day of their deadline to do so. ECF No. 88. And, TSCG has not even secured new counsel within the extended timeframe it proposed – i.e., by mid-June 2021. These previous episodes demonstrate a clear record of delay warranting dismissal with prejudice.

In short, all four *Attkisson* factors favor dismissal of the TSCG Corporate Defendants' counterclaim against Plaintiff Garcia with prejudice under Fed. R. Civ. P. 41 and Local Rule 101(b).

### G. The Evidence Presented Further Supports Plaintiffs' Request for Reasonable Attorneys' Fees and Costs.

Plaintiffs further request reasonable attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), the MWHL, Md. Code Ann., Lab. & Empl. § 3-427(d), and the MWPCL, *id*. § 3-507.2(b). In support of this claim, the Plaintiffs' undersigned counsel submits a declaration demonstrating the amount of fees and costs to date and is prepared to submit a fee detail at the Court's request for in camera review. Ex. 15, Cherayil Decl.[7] After the exercise of billing judgment in accordance with Appendix B of the Local Rules, Plaintiffs are entitled to $197,840.00 in attorneys' fees and $1,084.24 in costs, for a total of $198,924.24 in reasonable fees and costs.

## III. CONCLUSION

Pursuant to Fed. R. Civ. P. 55(b), Plaintiffs seek:

(a) Judgment against the TSCG Corporate Defendants on liability for Plaintiffs' FLSA, MWHL, MWPCL, promissory estoppel, and quantum meruit claims;

(b) Individual judgments in favor of each Plaintiff against the TSCG Corporate Defendants, jointly and severally, on their MWPCL claims in the following amounts, equal to unpaid wages plus double damages:

---

[7] Undersigned counsel represents that Plaintiffs' detailed fee records contain work product which they cannot reveal to the remaining parties against whom they are actively litigating their claims. However, counsel is prepared to submit such records to the Court upon its request for in-camera review so that the Court may evaluate the Plaintiffs' fee claim.

| Plaintiff | Award Sought (Unpaid Wages * 3) |
|---|---|
| Angella Aguilar | $9,504 |
| Luis Baires | $3,720 |
| Carlos Chavarria | $15,870 |
| Blanca Ferrer | $6,636 |
| Jacinto Garcia | $27,495 |
| Fabricio Marroquin | $13,482 |
| Antonio Martinez | $24,000 |
| Wilson Panozo | $3,411 |
| Fredy Veizaga Prado | $5,214 |
| Jose Feliciano Revelo | $9,225 |
| Jose Antonio Torres | $23,250 |

(c) In the alternative, individual judgments in favor of each Plaintiff against the TSCG Corporate Defendants, jointly and severally, for unpaid wages plus liquidated damages for Plaintiffs' FLSA and MWHL claims;

(d) In the alternative, individual judgments in favor of each Plaintiff against the TSCG Corporate Defendants, jointly and severally, for unpaid wages for Plaintiffs' promissory estoppel and quantum meruit claims in an amount equal to their unpaid wages, as set forth at Part II.B *supra*;

(e) Dismissal with prejudice of the TSCG Corporate Defendants' counterclaim against Plaintiff Jacinto Garcia; and

(f) An award of Attorneys' Fees and Costs to the Public Justice Center, and against the TSCG Corporate Defendants, jointly and severally, in the amount of $198,924.24.

Dated: July 26, 2021

Respectfully submitted,

/s/ Monisha Cherayil
Monisha Cherayil (18822)
Sally Dworak-Fisher (27321)
Tyra Robinson (21289)
PUBLIC JUSTICE CENTER
201 North Charles Street, Suite 1200
Baltimore, MD 21201
(410) 625-9409 (Phone)
(410) 625-9423 (Fax)
cherayilm@publicjustice.org
dworak-fishers@publicjustice.org
robinsont@publicjustice.org

*Attorneys for Plaintiffs*