# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

March 13, 2023

Re:   *Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
      Civil Action No. 8:18-cv-03953-GLS

## MEMORANDUM TO COUNSEL AND MR. MARCERON

This memorandum confirms the trial date that has been set in this case as discussed during our March 7, 2023 telephone status conference.  This memorandum also provides the schedule for this case and sets forth certain instructions relating to trial preparation.

| | |
|---|---|
| **April 18, 2023** | Joint Proposed Pretrial Order and exhibit binders. **The exhibit binders shall be delivered to the Greenbelt Clerk's Office (6500 Cherrywood Lane, Greenbelt, Maryland 20770) to the attention of Judge Simms.** |
| **May 3, 2023 at 10:00 a.m.** | Pretrial Conference in Courtroom 3B. |
| **May 22 - 25, 2023 at 9:00 a.m.** | Four-day Bench Trial in Courtroom 3B |

## Joint Proposed Pretrial Order

The pretrial order must comply with all provisions of Local Rule 106, and the parties shall work together to file one Joint Proposed Pretrial Order.

The contents of the Pretrial Order shall comply with Local Rule 106.2, except as follows: during the March 7, 2023 telephone status conference, the Court ruled that the parties need not include sections: 106.2(d), 106.2(e), and 106.2(j) as they do not apply.

The purpose of this proposed order is to summarize what is established and what needs to be resolved at trial.  The proposed pretrial order shall include final stipulations, or requests for  stipulations, of specific facts, which include the legal theories relied upon in each claim and defense.  *See* Loc. R. 106.2(f).  With regard to evidence, the proposed  pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual

authentication." Loc. R. 106.2(h). The list of documents should be detailed and include each document by title. The list of witnesses must satisfy Local Rule 106.2(i). For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations." Loc. R. 106.2(k). If the parties do not plan to use depositions in their cases in chief, they may indicate the same and reserve the right to use depositions for impeachment. The parties will indicate their agreement, or lack thereof, as to admissibility of each document and any testimony to be presented as evidence. *See* Loc. R. 106.2(g), (l), (m).

Finally, if either party believes that this case raises a novel legal issue, the party shall prepare a short summary of the legal issue, including a citation to any relevant case law.

### Counterclaims/Crossclaims

During the March 7, 2023 status conference, the parties expressed confusion regarding whether the following claims are still live: (1) Defendant Frank Marceron's crossclaim against Defendant David E. Harvey Builders, Inc.; and (2) Defendant Marceron's counterclaim against Plaintiff Jacinto Garcia Romero. Upon review of the docket sheet and the operative pleadings, the Court finds that both claims are still live. (*See* ECF Nos. 103, 112, 113). If the parties dispute this finding, the parties shall state their position(s) in the Joint Proposed Pretrial Order under 106.2(c).

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

### Exhibits

In addition to the objections noted on the pretrial order, please be prepared to advise me at the Pretrial Conference of any unresolved objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(g). Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b). The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. If a party raises an issue as to the admissibility of an exhibit, the disputed exhibit(s) will be discussed at the Pretrial Conference. **All exhibits shall be placed in an exhibit binder and should be pre-marked. The exhibit binder shall also have the list of exhibits. A hard copy of all of the exhibits shall be provided to Chambers by no later than April 18, 2023.**

**If you have any videotaped evidence that you would like the Court to review for admissibility at trial, you must bring it to the Pretrial Conference.**

### EGNYTE

A technology platform called EGNYTE will be used by counsel and Mr. Marceron to upload exhibits. **A tutorial/technology check on EGNYTE and ZoomGov will be scheduled after the Pretrial Conference.**

### COVID-19 Pandemic Protocols

Depending on the status of the COVID-19 pandemic, the Court may still be using certain procedures to aid it, counsel, and the witnesses in safely participating in this Bench Trial. The processes will be discussed during the Pretrial Conference.

### Use of Courtroom Equipment

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter. The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents. **If you have audio or video exhibits, you must contact the Clerk's Office at (301) 344-3122 to schedule a technology briefing.**

By no later than **April 18, 2023**, please advise the Court in writing, with a letter to Chambers (cc'ing the opposing parties), of any requests to use the following courtroom equipment: DVD players and monitors, x-ray boxes, and the electronic evidence presenter. That letter should also notify the Court of any special concerns about the use of technology.

### Trial Instructions

Please read carefully the attached memorandum entitled **"Instructions To Counsel Regarding Trial Procedure And Conduct."** You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct. We will discuss this matter at the Pretrial Conference.

Despite the informal nature of this letter, it is nonetheless an order of the Court, and the Clerk of the Court is directed to docket it as such.

Sincerely yours,

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
March 13, 2023
Page 4

                                                                                                     /s/
                                                The Honorable Gina L. Simms
                                                United States Magistrate Judge

Attachment

**INSTRUCTIONS TO PARTIES REGARDING TRIAL PROCEDURE AND CONDUCT**[1]

1. **Efficient Use of Courtroom Time**

    You must always be on time.

2. **Exhibits**

    A. You must pre-mark exhibits.

    B. You should not formally move exhibits into evidence. Under Local Rule 107.5(b) they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

    C. If you plan to use exhibit books, you must provide copies for one lawyer per party, a copy for the witness, a copy for the judge.

3. **Witnesses**

    A. You must treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

    B. Witnesses need not be excluded unless a party invokes the exclusion of witness rule. *See* Local Rule 107.7 for additional information on "Exclusion of witness rule."

4. **Prohibited Questions and Remarks**

    A. You may not ask a witness whether it "would surprise you to know" that a certain event occurred.

    B. You may not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying?" or "not telling the truth?")

    C. You may not remind a witness that he is under oath.

---

[1] These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

5.  **Courtroom Procedure**

    A.  You must stand when addressing the Court.

    B.  You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

    C.  You may approach a witness to show an exhibit without prior approval of the Court but may not do so for any other reason.

    D.  Mask wearing. You may be required to wear a mask at all times when you are not addressing the Court.

6.  **Opening Statements and Closing Arguments**

    Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

7.  **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

    Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness on the stand.

8.  **Phones and Electronic Devices**

    You must turn off (and instruct your clients and witnesses to turn off) all cellphones and all audible devices before entering the courtroom.

9.  **Food and Drink**

    You may not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you must pour it into the pitchers provided by the court.

10. **Use of Courtroom Telephone Prohibited**

    You may not use the courtroom telephone unless authorized by the court.