*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

**Plaintiffs' Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 1 | David E. Harvey Builders, Inc. d/b/a Harvey-Cleary Builders ("Harvey-Cleary") was the general contractor for the construction of a Gold's Gym fitness facility in Riverdale Maryland ("Gold's Gym Project") during all periods relevant to Plaintiffs' claims, as set forth in the Complaint ("the relevant period"). | TRUE | Defendant stipulates. |
| 2 | Harvey-Cleary and TSCG, Inc. ("TSCG") entered into a subcontract under which TSCG was to perform certain drywall installation and related work on the Gold's Gym Project (the "Subcontract"). | TRUE | Defendant stipulates. |
| 3 | Frank Marceron was the sole owner of TSCG during the relevant period. | TRUE | Defendant stipulates. |
| 4 | Frank Marceron hired Plaintiffs on behalf of TSCG to perform work on the Gold's Gym Project. | FALSE -Some Employees was working for TSCG prior to Golds gym others were brought on while on Golds gym Bor Perrone and Garcia handle the job and manpower BUT angella Aguillar -Luis Baires – Blanca Ferrer was never hired by TSCG -never once had paperwork from TSCG -They worked for WEO A sub his name was Willy as Angella admits on her papers This is why the original forms are in the Hands of others and not TSCG , Willy as they call WEO never paid these employees TSCG NOR Harvey Clear should be responsible for this .She admits she worked for someone else and wasn't paid by them | Defendant stipulates. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 5 | Frank Marceron set Plaintiffs' hourly pay rates for their work with TSCG on the Gold's Gym Project. | Employees base pay was already set for those hired by TSCG but Angella-Luis Baires-Blanca Ferrer was employed by WEO as admitted NO one other than Garcia was able to give them an application and to prove this the application is still never received by TSCG or anyone the plaintiffs are trying to collect money for others due to WEO not able to pay them | Defendant stipulates. |
| 6 | Plaintiffs' regular hourly pay rates during the relevant period were as follows:<br>a. Angella Aguillar: $22<br>b. Luis Baires: $20<br>c. Carlos Chavarria: $23<br>d. Blanca Ferrer: $14<br>e. Jacinto Garcia: $30<br>f. Fabricio Marroquin: $21<br>g. Antonio Martinez: $25<br>h. Wilson Panozo: $21<br>i. Fredy Veizaga Prado: $22<br>j. Jose Feliciano Revelo: $15<br>k. Jose Antonio Torres: $25 | Employees base pay was already set for those hired by TSCG but Angella-Luis Baires-Blanca Ferrer was employed by WEO as admitted NO one other than Garcia was able to give them an application and to prove this the application is still never received by TSCG or anyone the plaintiffs are trying to collect money for others due to WEO not able to pay them After reading all depositions it was made factual Some<br><br>Planitifs came in board with the Job because the Sub WEO was not paying them Due to TSCG not being paid ,<br><br>TSCG nor Harvey cleary can be liable for WEO a suit was filed by WEO and dismissed , Garcia knowingly gave them paperwork that was never sent in Angellia Came to work for TSCG 7-10-2018 was the first time TSCG ever hired her and she worked 3 different weeks and was paid she knowingly filed this action knowing she | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
|  |  | was lying with Luis Baires and Blanca , |  |
| 7 | Frank Marceron signed paychecks issued by TSCG to Plaintiffs for Plaintiffs' work on the Gold's Gym Project. | True Marceron signed all Paychecks for the list provided in the company ledger on payroll which will be attached – this is why all checks given out was stopped because Marceron caught misleading information from Garcia in late January and reissued the correct checks for the Raytheon Project which was cashed , No check was issued for Golds gym during jan-feb-march 2018 or after | Defendant stipulates. |
| 8 | TSCG had only one other subcontract during the time it was a subcontractor on the Gold's Gym Project. The price of this second subcontract (i.e., TSCG's potential earnings from that subcontract) was lower than the price of TSCG's subcontract with Harvey-Cleary for the Gold's Gym Project. | Not TRUE -TSCG HAD MULTIPLE JOBS DURING THIS TIME | Defendant does not stipulate. |
| 9 | All individuals hired by TSCG to work on the Gold's Gym Project were required to attend weekly safety meetings with Harvey-Cleary. | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVLOVED IN THE DAY TO DAY ASPECTS OF THIS JOB. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that all individuals working on the Gold's Gym Project for any subcontractor attended weekly safety meetings also attended by Harvey-Cleary's superintendent. |
| 10 | Harvey-Cleary provided all TSCG workers with hardhat stickers containing unique identification numbers. | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that it provided all workers for any subcontractor on the Gold's Gym Project site with hardhat stickers containing unique identification numbers for safety purposes at the conclusion of safety orientation. Each number |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | | | corresponded to the individual's contact information that would be referenced in event of a safety emergency or injury involving the individual. |
| 11 | All individuals hired by TSCG to work on the Gold's Gym Project were instructed to sign in each day they worked on a form produced by Harvey-Cleary, titled and/or referred to as a "Job Safety Analysis" or JSA form. | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that it produced a standard form called a Job Safety Analysis ("JSA") Form that is used for Harvey-Cleary's construction projects. An individual, such as Jacinto Garcia, from TSCG or from any other subcontractor entity completed the JSAs on the Gold's Gym Project. The JSAs did not record any individual's time spent and worked on the Gold's Gym Project, and did not contain sign-in/out times for any individual. TSCG's laborers did not turn in timesheets to Harvey-Cleary and Harvey-Cleary did not maintain records of TSCG's workers' time or their work completed on the Gold's Gym Project on an individual basis. Harvey-Cleary did not instruct any individual subcontractor laborer to complete JSAs or timesheets. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 12 | Plaintiffs Jose Antonio Torres and Antonio Martinez were directed to perform construction work on the Raytheon Warm Room in Sterling, Virginia, a separate construction project for which Harvey-Cleary was the general contractor, while | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | the Gold's Gym Project was ongoing. | | |
| 13 | Plaintiffs were not paid for their work on the Gold's Gym Project in January and February 2018. | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB. But is has been learned some should not be paid for this job from TSCG or Harvey cleary Because Marceron has uncovered false information from the plaintiffs which is now in objections and admissions from some Plaintiffs | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Plaintiffs' Proposed Stipulation of Fact | Defendant Frank Marceron's Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 14 | The amounts Plaintiffs earned but were not paid for their work on the Gold's Gym Project during January and February 2018 are as stated in Paragraph 9 of the declaration of Lena Yeakey, ECF No. 95-3. | FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB . AS STATED IN ALL FORMS OF DOCUMENTS Garcia made up the times only Harvey Cleary can confirm what's owed TSCG was never sent any information  GARCIA ADMITS THIS in his deposition and Sarah Haslipp admits she never received anything from the Job after JAN 5TH – Frank Marceron never once received any payroll information on this job from anyone other than Bob Perrone an he never submitted anything from Jan 5th<br><br>FRANK MARCERON CAN NOT AGREE OR DISAGREE AS HE WAS NEVER INVOLVED IN THE DAY TO DAY ASPECTS OF THIS JOB. But is has been learned some should not be paid for this job from TSCG or Harvey cleary Because Marceron has uncovered false information from the plaintiffs which is now in objections and admissions from some Plaintiffs | Defendant does not stipulate. |
| 15 | AIA Standard Subcontract, filed as ECF No. 95-44, is a sample subcontract authored by the American Institute of Architects, an authoritative resource for construction contract templates. | Contract speaks for itself. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

### Defendant Frank Marceron's Proposed Stipulations of Fact

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 1 | David E. Harvey Builders, Inc. d/b/a Harvey-Cleary Builders ("Harvey-Cleary") was the general contractor for the construction of a Gold's Gym fitness facility in Riverdale Maryland ("Gold's Gym Project") during all periods relevant to Plaintiffs' claims, as set forth in the Complaint ("the relevant period"). | Plaintiffs stipulate.<br><br>Plaintiffs also note that they offered this same stipulation as Plaintiffs' Proposed Stipulation No. 1. | Defendant stipulates. |
| 2 | Harvey-Cleary and TSCG, Inc. ("TSCG") entered into a subcontract under which TSCG was to perform certain drywall installation and related work on the Gold's Gym Project (the "Subcontract"). | Plaintiffs stipulate.<br><br>Plaintiffs also note that they offered this same stipulation as Plaintiffs' Proposed Stipulation No. 2. | Defendant stipulates. |
| 3 | Bob Perrone was the project manager for TSCG Drywall and Painting LLC and was the direct contact for the job. Garcia was the foreman Marceron was not in contact with the project dealing with plaintiffs on site | Plaintiffs stipulate that Bob Perrone was the project manager for TSCG. Plaintiffs do not stipulate to the remainder of the proposed stipulation. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that Bob Perrone was TSCG's Project Manager for the Gold's Gym Project and communicated with Plaintiffs regarding the Gold's Gym Project. |
| 4 | Garcia hired all persons and brought them to the Job and Met with Bob Perrone to go over wages Paid by the hour and agreed on site with Bob Perrone. Garcia also gave forms to employees of WEO -Willy to fill out so they could make a claim against TSCG and Cleary Since WEO- WILLY DID NOT pay them while on the job . | Plaintiffs do not stipulate. | Defendant does not stipulate as to claims against Harvey-Cleary. |
| 5 | Frank Marceron Never once showed up on the Job and did any communications with any persons or Harvey Cleary OR employees of TSCG Drywall and Painting LLC. | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 6 | All communications with the staff of TSCG Drywall and Painting | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | LLC Was done by Garcia and Bob Perrone and Eddy Morales and Mark Voce and Tim Cole  - Marceron did not have direct communications with any plaintiffs other than Garcia and Bob Perrone of TSCG | | |
| 7 | Garcia would meet with Tim  Cole of Harvey Cleary weekly Over the time on the Job the payments and the Handling of Paychecks, all plaintiffs admit multiple times they went to Mark Voce and Tim Cole and admit they got promises or assurances of payment for their services By these Individuals only that only Clear gave them the sense they was getting paid and Stayed on site by those communications only - Marceron never made these comments | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 8 | Garcia admits he was asked to work for Harvey Cleary Directly and when Frank Marceron told Garcia to pull off the Job It was Garcia who asked can they stay on site and finish if they worked for the GC Harvey Cleary. Antonio admits on Jan 5th he returned TSCG drywalls equipment in the truck provided By TSCG | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 9 | All employees while on site had meetings with Harvey Cleary Personnel and admit Eddy Morales and Mark Voce and Tim Cole made references to checks being released to them directly this is why those Who are on the job reports should be paid But not those who worked for WEO -Willy | Plaintiffs stipulate that they had meetings with Harvey-Cleary personnel. Plaintiffs do not stipulate to the remainder of this proposed stipulation. | Defendant does not stipulate. |
| 10 | All employees admit Frank Marceron never once Met with them – Called them – Came to the | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | Site to talk to the employees and never once made promises of payments. Many employees came from another project prior to starting But none or the WEO employees met Marceron and also admit only WEO had nit paid them for a few weeks they worked there and not try and claim TSCG hired them | | |
| 11 | Garcia Admits himself e and other after leaving this Job Came back to work for TSCG Drywall and Painting LLC and was paid in full for all work performed until their final day of employment. Angeli admits she came to work for TSCG for the first time on 7-10 2018 at the request of Garcia on a DC job and worked 3 different times -She and Blanco and Luis Baires are making false claims to TSCG because they know WEO -willy did not pay them for the services on this Job , They are making false allegations as to who the real employer is Read the statement she issues she came to work on the site on 1-23-2018 but admits she was there earlier this is why the original application of employment was never delivered to TSCG -Only Garcia could have handed her this paperwork after the fact | Plaintiffs do not stipulate. | Defendant stipulates only that the documents produced in this litigation as well as deposition testimony show discrepancies that call into question Plaintiffs' time that they allege to have worked on the Gold's Gym Project. |
| 12 | Garcia tried to  Hand paychecks out for work Perform Under a Time and Material job Labeled and was caught by Marceron  when Perrone turned in the tickets each check was stopped immediately this is why they never got presented to the bank =Raytheon in Virginia which was not a contract it was by the hour and paychecks was paid and | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
|  | had to be redone due to over payments and personnel not intitled to be paid |  |  |
| 13 | Garcia admits all employees cashed the checks for the Raytheon Project in March 2018 once the paperwork was submitted correctly. | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 14 | Garcia admits that all checks he claims was not able to cash due to funds was actually stopped payment on all checks and had to be redone because it was for the Raytheon Project – Bank records prove these checks was never presented for payments Garcia admits they was redone and corrected and cashed in March 2018. | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 15 | Garcia Set all amounts listed below that Bob Perrone would be the only one to confirm if this was correct of not<br><br>a. Angella Aguillar: $22 never worked for TSCG  Admits she worked for WEO—Willy  but is making clams against<br>b. Luis Baires: $20- never worked for TSCG  Admits she worked for WEO—Willy  but is making clams against<br>c. -<br>d. Carlos Chavarria: $23<br>e. Blanca Ferrer: $14- never worked for TSCG  Admits she worked for WEO— | Plaintiffs stipulate that their promised regular hourly rates during the relevant period were those listed below but do not stipulate that Jacinto Garcia set these amounts or that Bob Perrone "would be the only one to confirm if this was correct or not."<br><br>Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiffs' Proposed Stipulation No. 6. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | Willy but is making clams against<br>f. Jacinto Garcia: $30<br>g. Fabricio Marroquin: $21<br>h. Antonio Martinez: $25<br>i. Wilson Panozo: $21<br>j. Fredy Veizaga Prado: $22<br>k. Jose Feliciano Revelo: $15<br>l. Jose Antonio Torres: $25<br>m. Paychecks will show the amount that was paid while under TSCGS employment<br><br>Learned that Angella didn't start work until Jan 23 2018 and she was working for another subcontractor prior – Garcia asked her to stay on site because the company she worked for was weo and had not paid her – same is for Fabricio Marceron couldn't have had contact only Garcia | | |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 16 | Frank Marceron signed paychecks issued by TSCG to some of the Plaintiffs for Plaintiffs' work on the Gold's Gym Project while under TSCG Direction  After they was approved by Bob Perrone The Project Manager who overseen the Project Angelia -Luis -Blanco was WEO-willy employees as admitted in the answers by those plaintiffs

The admission comes from some employees had worked for Marceron for over a year prior and after the Golds gym | Plaintiffs stipulate that Frank Marceron signed paychecks issued by TSCG to Plaintiffs for Plaintiffs' work on the Gold's Gym Project after TSCG approved Plaintiffs' work hours. Plaintiffs do not stipulate to the remainder of this proposed stipulation.

Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiffs' Proposed Stipulation No. 7. | Defendant stipulates that Frank Marceron signed paychecks issued by TSCG. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 17 | Garcia admits all Employees that TSCG Drywall and Painting LLC had Multiple Projects. Some never was TSCG Employees | Plaintiffs stipulate that TSCG Drywall and Painting LLC had more than one project over the course of its existence. Plaintiffs do not stipulate to the remainder of the proposed stipulation. | Defendant stipulates that TSCG had multiple projects and that some of the Plaintiffs testified that they worked on other construction projects with TSCG and/or Frank Marceron before the Gold's Gym Project and with TSCG and/or Frank Marceron after the Gold's Gym Project. |
| 18 | Garcia and employees admit they had worked for Frank Marcerons other Company on and off for 2 years and was paid s in full each job . they also came back to work and was Paid in full for each job in 2018. Payment ledgers will show exactly when each person came to work for TSCG and some will show never worked for TSCG | Plaintiffs do not stipulate. | Defendant stipulates that TSCG had multiple projects and that some of the Plaintiffs testified that they worked on other construction projects with TSCG and/or Frank Marceron before the Gold's Gym Project and with TSCG and/or Frank Marceron after the Gold's Gym Project. |
| 19 | All individuals hired by TSCG to work on the Gold's Gym Project were required to attend weekly safety meetings with Harvey-Cleary. And Admit the only one who would know this would be Garcia and Bob Perrone and Harvey Cleary – Frank Marceron | Plaintiffs stipulate that all individuals hired by TSCG to work on the Gold's Gym Project were required to attend weekly safety meetings with Harvey-Cleary. Plaintiffs do not stipulate to the remainder of the proposed stipulation. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that all individuals working on the Gold's Gym Project for any subcontractor attended weekly safety meetings also attended by Harvey-Cleary's |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | would not be aware. And did not attend .And was never asked to attend | Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiffs' Proposed Stipulation No. 9. | Superintendent. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 20 | Harvey-Cleary provided all TSCG workers with hardhat stickers containing unique identification numbers. That Harvey Cleary was given all time sheets and records for the work done on site and was given to the Superintendent of Harvey Cleary only after Jan 5th 2018 per each deposition admissions. Garcia and ever plaintiff admits they had numerous conversations with Harvey Cleary personnel and was lead to believe checks we coming but due to weather was held up , Mark voce told employees he was working on getting them paid and emails from Harvery Clearys personnel back up this information -proving without a dought each person knew Marceron was not responsible otherwise why was each person staying on site with the promises made By Harvey Cleary's employees – see deposition transcripts | Plaintiffs stipulate that Harvey-Cleary provided all TSCG workers with hardhat stickers containing unique identification numbers. Plaintiffs further stipulate that Harvey-Cleary maintained records of TSCG workers' time spent and work performed on the Gold's Gym Project. Plaintiffs do not stipulate to the remainder of this proposed stipulation.

Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiffs' Proposed Stipulation No. 10. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that it provided all workers for any subcontractor on the Gold's Gym Project site with hardhat stickers containing unique identification numbers for safety purposes at the conclusion of safety orientation. Each number corresponded to the individual's contact information that would be referenced in event of a safety emergency or injury involving the individual. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 21 | Garcia admits he asked Frank Marceron to help collect the employees money owed on the Golds Gym Project  In March 2018 WHEN Frank Marceron told all employees In May 2018 he was not going to get involved because TSCG Drywall and Painting LLC told Garcia Continued to work until Sept 2018 and some Plaintiffs even worked for TSCG directly for the first time and was paid , Garcia wa | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | pressured into making a claim because the Plaintiffs had no case without Garcia asserting this , because payroll reports and Job payment reports show exactly payments -Garcia had to remove himself because he knew he was telling them information and he also knew the only people that had promised to pay any plaintiff was Cleary personnel , and the plaintiffs counsel pressured Garcia to quit to become a witness . | | |
| 22 | Garcia dealt with Harvey Cleary every day even after Harvey Cleary admits TSCG Drywall and Painting LLC walked of the project. Garcia was talking to Eddy Morales and Mark Voce and Tim Cole regularly about payments and was under the belief all would be paid this is why they stayed , Garcia and his personnel finished this job for Cleary | Plaintiffs stipulate that Jacinto Garcia communicated with Harvey-Cleary personnel every day on the Gold's Gym Project. Plaintiffs do not stipulate to the remainder of this proposed stipulation. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 23 | All individuals hired by TSCG to work on the Gold's Gym Project were instructed to sign in each day they worked on a form produced by Harvey-Cleary, titled and/or referred to as a "Job Safety Analysis" or JSA form. And also turned in all Time sheets to Harvey Cleary. Marceron was not in control of this and was not aware of the documents . | Plaintiffs stipulate that all individuals hired by TSCG to work on the Gold's Gym Project were instructed to sign in each day they worked on a form produced by Harvey-Cleary, titled and/or referred to as a "Job Safety Analysis" or JSA form. Plaintiffs further stipulate that Harvey-Cleary maintained records of TSCG workers' time spent and work performed on the Gold's Gym Project. Plaintiffs do not stipulate to the remainder of this proposed stipulation.<br><br>Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiff's Proposed Stipulation No. 11. | Defendant Harvey-Cleary does not stipulate. Harvey-Cleary stipulates that it produced a standard form called a Job Safety Analysis ("JSA") Form that is used for Harvey-Cleary's construction projects. An individual, such as Jacinto Garcia, from TSCG or from any other subcontractor entity completed the JSAs on the Gold's Gym Project. The JSAs did not record any individual's time spent and worked on the Gold's Gym Project, and did not contain sign-in/out times for any individual. TSCG's laborers did not turn in timesheets to Harvey-Cleary and Harvey-Cleary did not maintain records of TSCG's workers' time or their work completed on the Gold's Gym Project on an individual basis. Harvey-Cleary did not instruct any individual subcontractor laborer to complete JSAs or timesheets. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 24 | Plaintiffs Jose Antonio Torres and Antonio Martinez were directed to perform construction work on the Raytheon War Room in Sterling, Virginia, a separate construction project for which Harvey-Cleary was the general contractor, This was at the direction of Bob Perrone's communication to Cleary request -Marceron made no such commitment but did not intervene | Plaintiffs stipulate that Plaintiffs Jose Antonio Torres and Antonio Martinez were directed to perform construction work on the Raytheon War Room in Sterling, Virginia, a separate construction project for which Harvey-Cleary was the general contractor. Plaintiffs do not stipulate to the remainder of this proposed stipulation. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | | Plaintiffs also note that they offered a narrower version of this proposed stipulation as Plaintiffs' Proposed Stipulation No. 12. | |
| 25 | Garcia was handed the release of employment forms to have singed by all employees and only Garcia had sent them back with signatures.<br><br>This was because Garcia requested to finish the job for Cleary – not the request of Marceron | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 26 | Garcia was the point of contact with all employees due to his Spanish speaking background so Garcia talked to each employee about the job and directed them<br><br>Each employee relied on what Garcia was telling them , Marceron does not speak Spanish so he would be unaware of what Garcia spoke | Plaintiffs stipulate that Jacinto Garcia was one, but not the sole, contact person for TSCG employees. Plaintiffs do not stipulate to the remainder of the proposed stipulation. | Defendant stipulates that Plaintiff Garcia was TSCG's foreman on the Gold's Gym Project and directly supervised, directed, and communicated with the other Plaintiffs on the Gold's Gym Project and that the other Plaintiffs relied on Plaintiff Garcia's statements. |
| 27 | Garcia sent Emails asking for what to charge Harvey Cleary for workers on site. | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 28 | The amounts Plaintiffs earned but were not paid for their work on the Gold's Gym Project during January and February 2018 are as stated in Paragraph 9 of the declaration of Lena Yeakey, ECF No. 95-3 .This statement can not be verified By Marceron or TSCG because no forms were ever submitted to anyone at TSCG and no proof other than allegations only by Garcia It was done – there is no email or fax responses shown as proof and not once did Garcia even say he handed them to Perrone directly -In fact Garcia admits during depositions and interrogatories he did hand this to Tim Cole – Tim Cole admitted | Plaintiffs stipulate that the amounts Plaintiffs earned but were not paid for their work on the Gold's Gym Project during January and February 2018 are as stated in Paragraph 9 of the declaration of Lena Yeakey, ECF No. 95-3. Plaintiffs do not stipulate to the remainder of this proposed stipulation.<br><br>Plaintiffs also note that they offered a narrower version of this stipulation as Plaintiffs' Proposed Stipulation of Fact No. 14. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| | and Mark Voce admitted this information was sent in directly to the office of Harvey Cleary and was even requested there to issue payments for labor which Joe the vp refused But knew men was onsite for weeks without pay and kept them on site instead of removing them immediately and hiring another sub to finish – he willfully took advantage of each plaintiff . | | |
| 29 | AIA Standard Subcontract, filed as ECF No. 95-44, is a sample subcontract authored by the American Institute of Architects, an authoritative resource for construction contract templates. | Plaintiffs stipulate.<br><br>Plaintiffs also note that they offered this same stipulation as Plaintiffs' Proposed Stipulation of Fact No. 15. | Defendant does not stipulate. |
| 30 | Garcia Knew TSCG Drywall and Painting LLC was not being paid by Harvey Cleary Starting back in 2017. Garcia knows marceron removed TSCG from the job that's why all equipment was taken off the job on Jan 5th 2018 that belonged to TSCG | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 31 | Harvey Cleary balance accounting sheets submitted are true and accurate. AND Show on Cleary benefited from Plaintiffs work and was paid in full | Plaintiffs do not stipulate. | Defendant stipulates only that its accounting records are true and accurate. Harvey-Cleary does not stipulate to the remainder of the proposed stipulation. |
| 32 | Change orders extending the contract balance was sent in 2018 which was performed on 2017. Cleary was Paid | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 33 | Harvey Cleary admits with all the extended costs its accounting records show all employees could have been paid in full without legal. | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant Frank Marceron's Proposed Stipulation of Fact | Plaintiffs' Response | Defendant David E. Harvey Builders, Inc.'s Response |
|---|---|---|---|
| 34 | Joe of Harvey Cleary was the person who stopped all payments and refused all funds to TSCG Drywall and Painting LLC and all employees working on the Golds gym who use to work for TSCG Drywall and Painting LLC. | Plaintiffs do not stipulate. | Defendant does not stipulate. |
| 35 | Employees on site met with Mark Voice and Tim Cole and Eddy Morales and was told payment would be forth coming But Joe the Vice President of Harvey Clearly refused payments. | Plaintiffs stipulate that several Plaintiffs received assurances from Mark Voce and Tim Cole of Harvey-Cleary that they would be paid for the work Plaintiffs performed on the Gold's Gym Project. Plaintiffs do not stipulate to the remainder of this proposed stipulation. | Defendant does not stipulate. |
| 36 | Harvey Cleary admits they had prior issues on other projects related to this same subject matter and was aware of how to handle this. Garcia was actually an employee of a company that was in dispute prior | Plaintiffs do not stipulate. | Defendant does not stipulate. |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

### Defendant Harvey-Cleary's Proposed Stipulations of Fact

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|---|---|---|---|
| 1 | Harvey-Cleary paid all amounts due to TSCG under the Subcontract. | Plaintiffs do not stipulate. | Harvey did not pay TSCG TSCG had worked one xtras and buying the materials for future extras and Harvey told them to do it but made TSCG remove this from their billing claiming the owner hadn't paid them yet |
| 2 | After accounting for Harvey-Cleary's backcharges against TSCG, Harvey-Cleary paid TSCG approximately $26,000 more than TSCG was owed under the Subcontract. | Plaintiffs do not stipulate. | Not a fact please look at Harvey 2020 print out of accounting it clearly shows a base contract or 298,000 then it jumps to 369,000 proving TSCG was due more money due to extra work it performed but Cleary can only account for 291,000 paid out on Golds Gym -but on Raytheon Clear had produced no evidence it paid anyone – Harvey's own records show over 70,000 unpaid , |
| 3 | Harvey-Cleary did not hire Plaintiffs to perform work on the Gold's Gym Project. | Plaintiffs do not stipulate. | Harvey is the only one who was saying Plaintiffs was being paid no one else . eben Harvey own accounting was asking how to issue checks . |
| 4 | Harvey-Cleary did not issue any direct payments to Plaintiffs. | Plaintiffs stipulate. | this is true Harvey Kept all fund it received on this project and paid no one  for the work completed . |
| 5 | Section 5(i) of the Subcontract provides that Harvey-Cleary is not acknowledging that it would directly pay TSCG's laborers or that it has any obligation to do so. Section 5(i) further explicitly provides that nothing contained therein creates any rights or remedies for TSCG's workers. | Plaintiffs do not stipulate. | Frank Marceron Has no clue about this , Marceron can not verify what's maybe due - Harvey is making disputes Marceron has no knowledge what could be due\n\nUnder the contract Harvey Cleary should  have issued direct payments to Plaintiffs |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|---|---|---|---|
| | | | for work even executives requested payment to plaintiffs But Joseph Refused .funds and manipulate the plaintiffs to stay on site and finish the project - |
| 6 | Frank Marceron, Bob Perrone, and Jacinto Garcia Romero of TSCG maintained Plaintiffs' personnel records. | Plaintiffs do not stipulate. | Paperwork For Tscg was maintained at TSCG office - Angelia -Blanco-Luis was not maintained as they worked for WEO – as stated in their answers – They never got hired by TSCG ,Angelia Papers was Maintained by herself and her counsel as proof TSCG was never given this paperwork |
| 7 | Harvey-Cleary did not maintain Plaintiffs' personnel records. | Plaintiffs do not stipulate. | Harvey Cleary Maintained Job Records for the time frames –<br><br>Paperwork For Tscg was maintained at TSCG office - Angelia -Blanco-Luis was not maintained as they worked for WEO – as stated in their answers – They never got hired by TSCG ,Angelia Papers was Maintained by herself and her counsel as proof TSCG was never given this paperwork |
| 8 | All individuals working on the Gold's Gym Project for any subcontractor attended weekly safety meetings also attended by Harvey-Cleary's superintendent. | Plaintiffs stipulate. | Frank Marceron can not respond wasn't involved or doesn't have any knowledge of any meeting on site.<br><br>I would question did the subcontractors employees also attend as its know Angelia and Blanco and Luis was employees of WEO-Willy |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|-----|----------------|----------------|----------------|
| 9 | Harvey-Cleary provided all workers for any subcontractor on the Project site with hardhat stickers containing unique identification numbers for safety purposes at the conclusion of safety orientation. Each number corresponded to the individual's contact information that would be referenced in event of a safety emergency or injury involving the individual. | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. Marceron Had no such sticker - I would question did this also apply to Subcontractor employees or WEO-PCM-Ironsky |
| 10 | Plaintiffs Aguilar, Martinez, and Torres testified that it is normal in the construction industry to receive hardhat stickers from general contractors at construction sites. | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. Aguilar was an employee of WEO -Willy -Marceron is not aware of the company rules they follow |
| 11 | Harvey-Cleary did not provide Plaintiffs with hardhats. | Plaintiffs stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. |
| 12 | Harvey-Cleary did not provide Plaintiffs with vests, sweatshirts, or other clothing on the Gold's Gym Project. | Plaintiffs stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. |
| 13 | Harvey-Cleary did not provide Plaintiffs with transportation to or from the Gold's Gym Project site. | Plaintiffs stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. |
| 14 | Harvey-Cleary did not provide Plaintiffs with housing during the Gold's Gym Project. | Plaintiffs stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. |
| 15 | At least two Plaintiffs, Plaintiffs Aguilar and Torres, testified that they did not believe they were Harvey-Cleary employees. | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. Aguilar admits she was an employee of a prior sub WEO -Willy  They all admit the had multplie converstions with |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|---|---|---|---|
| | | | Harvey personnel which further backs up they knew Marceron was not or TSCG was not going to issue payments , this proves for some reason they was lead to believe Harvey was paying them – further on Harvey admits the executives did mention multiple times they was processing checks for Plaintiffs |
| 16 | None of the Plaintiffs ever submitted applications for employment with Harvey-Cleary on the Gold's Gym Project or any other construction project. | Plaintiffs stipulate that they did not submit applications for employment directly to Harvey-Cleary in connection with the Gold's Gym Project. Plaintiffs do not stipulate to the remainder of the proposed stipulation. | Frank Marceron was unaware of this action, Frank Marceron was never on site cannot comment to this action. Its factual Aguilar and Luis and Blanco never submitted applications to TSCG either this is why their counsel has the originals – they knew WEO was their employer |
| 17 | Harvey-Cleary never offered to hire any Plaintiff on the Gold's Gym Project or any other construction project. | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action . Only Garcia made this statement to TSCG. |
| 18 | Plaintiffs were not direct employees of Harvey-Cleary. | Plaintiffs do not stipulate. | Only Garcia Made this statement , But in interrogatories answers and depositions of Tim Cole and Mark Voce- By telling each person checks was delayed due to weather and that the office of Harvey was going to insure payment and even sent in recommendations to pay them gave each Plaintiff a false sense of security that they did in fact work for Cleary |
| 19 | Harvey-Cleary produced a standard form called a Job Safety Analysis | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS
**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|---|---|---|---|
| | ("JSA") Form that is used for Harvey-Cleary's construction projects. An individual, such as Jacinto Garcia, from TSCG or from any other subcontractor entity completed the JSAs on the Gold's Gym Project. | | was never on site can not comment to this action . Garcia and others make this claim in depositions. |
| 20 | Harvey-Cleary did not maintain the TSCG Timesheets produced by Plaintiffs in this litigation. | Plaintiffs do not stipulate. | Response Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action . TSCG is unable to verify any of plaintiffs allegations TSCG was never supplied this until after suit had begun .. |
| 21 | Pursuant to Section 10(a) of the Subcontract, TSCG was required to "at all times, conduct, direct, and control its employees and work." | Plaintiffs do not stipulate. | Bob Perrone was direct Manager while TSCG was on site Frank Marceron was never involved in the project management. Many Conversations took place on site and in Cleary's office that Marceron had never attendant |
| 22 | Subcontractors, including TSCG, coordinated their work among themselves and with other trades during subcontractor foremen meetings. | Plaintiffs do not stipulate. | Frank Marceron was unaware of this action , Frank Marceron was never on site can not comment to this action. Coordination always comes from the GC,S not the Subs |
| 23 | Frank Marceron, Bob Perrone, and Jacinto Garcia Romero of TSCG coordinated and set the schedule for Plaintiffs. | Plaintiffs do not stipulate. | Schedules are done always By the Gc Havery Cleary the employees of subs would have to meet the deadlines set forth. Schedules are set and talked about on site , The fact is clear Marceron could not have set any schedule because Marceron was never on site or on the phone to ever talk about this – this happened with Tim Cole other subs , Harvey Cleary project teams – and |

*Aguilar et al. v. David E. Harvey Builders, Inc. et al*, No. 8:18-cv-03953-GLS

**ATTACHMENT A: Proposed Stipulations of Fact**

| No. | Defendant David E. Harvey Builders, Inc.'s Proposed Stipulation of Fact | Plaintiffs' Response | Defendant Frank Marceron's Response |
|---|---|---|---|
|  |  |  | Bob Perrone and Garcia – Marceron is exempt from this allegation as it facts he was never there . |