# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

May 9, 2023

**Monisha Cherayil, Esquire**
Public Justice Center
1 N. Charles Street, Suite 200
Baltimore, MD 21201
cherayilm@publicjustice.org

**Jason C. Constantine, Esquire**
Moore & Lee, LLP
1751 Pinnacle Drive, Suite 1100
McLean, VA 22102
j.constantine@mooreandlee.com

**Frank Marceron**
1740 Shadyside Road
Edgewater, MD 21037

## FINAL PRETRIAL ORDER

Re:    *Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
       Civil Action No. 8:18-cv-03953-GLS

Dear Counsel and Mr. Marceron:

On May 3, 2023, the Court held a Pretrial Conference in the above-referenced case. In addition, the Court has reviewed the pleadings and record in this case. The Court hereby adopts counsel and Mr. Marceron's proposed Pretrial Order as amended and supplemented during the Pretrial Conference and by the following orders as set forth herein.

## I.    Local Rule 106.2:

a)   –   b) **Statement of Facts:** The Court has received all parties' statements of fact.

c)   **Counterclaims and Crossclaims:** The Court takes judicial notice that on August 12, 2021, Judge Paula Xinis entered default judgment against TSCG Drywall and Painting, LLC and The Subcontractors Gateway, Inc. (collectively "the TSCG entities") related to Plaintiffs' claims and Defendant David E. Harvey Builders, Inc.'s ("Defendant Harvey-Cleary") breach of contract claim contained within its crossclaim. (*See* ECF Nos. 86, 113; *see also* ECF No. 20). For the reasons articulated on the record, the Court **ADOPTS** Judge Xinis' Orders. (ECF Nos. 112, 113). The Court further **FINDS** that:

i.   At the Pretrial Conference, the Court clarified that Defendant Harvey-Cleary need not establish that TSCG breached its contract with Defendant Harvey-Cleary at trial.

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
May 9, 2023
Page 2

However, Defendant Harvey-Cleary must still bring forward evidence and argument to establish that it is entitled to indemnification against TSCG at trial.

ii.  Defendant Frank Marceron ("Defendant Marceron") has a live counterclaim against Plaintiff Jacinto Garcia. (*See* ECF No. 44).

iii. Defendant Marceron has a live crossclaim against Defendant Harvey-Cleary as set forth in ECF No. 44. Thus, Defendant Marceron must establish all elements alleged in the crossclaim including those related to indemnification or contribution. At the Pretrial Conference, Defendant Harvey-Cleary objected to Defendant Marceron introducing evidence at trial related to an alleged Maryland trust fund violation as a basis for indemnification or contribution. The Court **GRANTED** Defendant Harvey-Cleary's leave to make an oral motion *in limine* related to this issue on the day of trial, should it be necessary.

d)  Not applicable.

e)  Not applicable.

f)  **Stipulations of Fact:**

i.  The parties have stipulated to the following facts:

1)  David E. Harvey Builders, Inc. ("Defendant Harvey-Cleary") was the general contractor for the construction of a Gold's Gym fitness facility in Riverdale Maryland ("Gold's Gym Project") during all periods relevant to Plaintiffs' claims, as set forth in the Complaint ("the relevant period").

2)  Harvey-Cleary and TSCG, Inc. ("TSCG") entered into a subcontract under which TSCG was to perform certain drywall installation and related work on the Gold's Gym Project (the "Subcontract").

3)  Frank Marceron was the sole owner of TSCG during the relevant period.

The parties are directed to create an exhibit that includes all stipulated facts for use at trial. The parties shall name the exhibit "Stipulation 1" and add the exhibit to the joint exhibit list.

ii.  The parties have proposed stipulations of fact. (*See* ECF No. 135-1, pp. 1-6, Nos. 4-15; pp. 7-18, Nos. 3-36; and pp. 19-24, Nos. 1-23). If the parties have not agreed on any other stipulation of fact before the first day of trial, the evidence must be presented at trial. The Court advises the parties to be mindful that trial is scheduled to last only four days.

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
May 9, 2023
Page 3

g) **Damages**: Plaintiffs' view on damages is set forth in the Joint Proposed Pretrial Order. (ECF No. 135-2). For the reasons articulated on the record, the Plaintiffs shall not be able to pursue compensatory damages based on hardship. Accordingly, Defendant Harvey-Cleary's motion *in limine* to preclude Plaintiffs from eliciting testimony related to this issue is **GRANTED**.

h) **Admitted Exhibits**: As a general matter, the admissibility of all exhibits is governed by the Federal Rules of Evidence, and all objections, including those made on the basis of relevance and/or hearsay, shall be decided at trial. The parties are also reminded that they will be allowed to cross examine witnesses at trial, if consistent with the Federal Rules of Evidence.

   i. **Plaintiffs' Exhibits (ECF No. 135-3, pp. 1-8) (28-30 Exhibits, including stipulation and deposition designations):**

      1) Plaintiffs' Exhibit 10 is a Harvey-Cleary badge that is in Spanish. Plaintiffs indicated that they have an English version. The Court **ORDERS** the Plaintiffs to share such exhibit with all Defendants. Plaintiffs shall supplement the exhibit list and binders with this additional exhibit. Prior to the Pretrial Conference, Defendant Harvey-Cleary objected to Exhibit 10, but has since withdrawn its objection.

      2) Defendant Marceron objects to Plaintiffs' Exhibit 26 on the basis of relevance. This objection will be resolved at trial.

   ii. **Defendant Harvey-Cleary's Exhibits (ECF No. 135-3, pp. 9-10) (8 Exhibits total):**

      1) Defendant Marceron objects to Exhibit 1 on the basis of relevance. This objection will be resolved at trial.

      2) Defendant Marceron previously raised an objection to Exhibit 2, but such objection has since been withdrawn.

      3) Plaintiffs previously objected to Exhibit 8, but such objection has since been withdrawn.

   iii. **Defendant Marceron's Exhibits (ECF No. 135-3, pp. 11-16) (12 Exhibits total):**

      1) Plaintiffs object to all of Defendant Marceron's exhibits as untimely identified. For the reasons articulated on the record, the Plaintiffs have not demonstrated prejudice on the basis of untimely filing, particularly where, as here, it remains to be seen whether any of these exhibits will be admissible at trial.

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
May 9, 2023
Page 4

2) Defendant Harvey-Cleary objects to Exhibits 10 and 12, on the basis of relevance. These objections will be resolved at trial.

i) **Witnesses:**

   i.  **Plaintiffs' Witnesses:**

      1) Jacinto Garcia
      2) Antonio Martinez
      3) Wilson Panozo
      4) Jose Antonio Torres
      5) Fabricio Marroquin
      6) Angella Aguilar
      7) Carlos Chavarria
      8) Luis Baires
      9) Jose Feliciano Revelo
      10) Blanca Ferrer
      11) Fredy Veizaga Prado
      12) Joe LaFonte
      13) Mark Voce
      14) Tim Cole
      15) Sarah Haislipp

   ii.  **Defendant Marceron's Witnesses:** Prior to the Pretrial Conference, Defendant Marceron requested subpoenas for the following witnesses: (1) Timothy Cole; (2) Eddy N. Morales; (3) William Emerson Ordonez; and (4) Sarah Haislipp. For the reasons articulated on the record during the hearing, the Court will **DENY** Defendant Marceron's request for issuance of a subpoena for Timothy Cole. *See* Fed. R. Civ. P. 45(c)(1)(A). With respect to Sarah Haislipp, Defendant Marceron withdrew his request after Plaintiffs' counsel represented during the Pretrial Conference that they served Ms. Haislipp with a subpoena on April 23, 2023, and expect that she will attend.

Finally, the Court **GRANTED** Defendant Marceron's request for the issuance of subpoenas for Eddy Morales and William Ordonez and provided Defendant Marceron with courtesy copies of subpoena forms. Defendant Marceron represents that he has a process server. Defendant Marceron expects to call the following witnesses:

      1) Darlene Marceron
      2) Eddy N. Morales

   iii.  **Defendant Harvey-Cleary's Witnesses:** In addition to the above witnesses, Defendant Harvey-Cleary reserves the right to call Defendant Marceron.

j) Not applicable.

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
May 9, 2023
Page 5

k)  **Deposition Designations**:

i.  **Plaintiffs' Designations**: As a preliminary matter, during the Pretrial Conference, the Court asked why there are twenty-one (21) pages of deposition designations and reminded the parties to streamline the presentation of evidence at trial.

1)  Mr. Joseph LaFonte ("Mr. LaFonte") - Defendant Harvey-Cleary confirmed that it will make Mr. LaFonte available at trial. Also, Defendant Harvey-Cleary conceded that Fed. R. Civ. P. 32(a)(3) applies to his designations.

2)  Mr. Timothy Cole ("Mr. Cole") - At the time of the filing of the Joint Proposed Pretrial Order, (ECF No. 134), the parties had disputes related to several designations which have been resolved by agreement to include designations and counter-designations. Defendant Marceron objected to the Plaintiffs' designations related to Mr. Cole and asserted that Mr. Cole must be present during trial to testify because he never had a chance to cross examine Mr. Cole during his deposition. On this matter, the Court found that Defendant Marceron was represented by counsel at the time of the deposition and had an opportunity through counsel to cross examine Mr. Cole at that time. Accordingly, he waived his right to object to the deposition designations. Thereafter, Defendant Marceron withdrew his objection. The parties were also instructed to create one exhibi

3)  Ms. Sarah Haislipp ("Ms. Haislipp") - Plaintiffs have served Ms. Haislipp with a subpoena and expect that she will attend trial, but, if she does not attend, Plaintiffs reserved their right to introduce deposition designations at trial upon a showing that Ms. Haislipp's absence satisfies the conditions set forth in Fed. R. Civ. P. 32(a)(4). Defendant Marceron initially indicated that he had an objection to these designations, but such objection was withdrawn at the Pretrial Conference.

4)  The parties are directed to create an exhibit that includes all deposition designations that have been agreed to for use at trial. The parties shall name the exhibit "Deposition Designations 1" and add the exhibit to the joint exhibit list.

l)  **Other Pretrial Relief**.

i.  Each party will be given 15-20 minutes for opening statements.

ii.  No party shall be permitted to give closing argument as post-trial briefing will occur.. (*See* item m(i) below).

iii.  Plaintiffs request that they be allowed to ask leading questions on direct examination of Joseph LaFonte and Mark Voce. Similarly, in the event that Plaintiff elects not to

have certain Plaintiffs testify, Defendant Harvey-Cleary asserts that it should be able to call such Plaintiffs to testify during its case-in-chief and ask leading questions. The Court directed the parties to review *Wiggins v. City of Montgomery*, Civ. No. KFP 17-425, 2020 WL 13015933, at *1 (N.D. Ala. Dec. 23, 2020) and *Doe v. Russell County School Board*, Civ. No. 16-45, 2018 WL 1089277, at *1-2 (W.D. Va. Feb. 2, 2018). The Court will make its ruling on the day of trial prior to testimony. All parties are reminded that they are permitted to ask leading questions during cross examination as long as it is consistent with the Federal Rules of Evidence

iv. For the reasons articulated on the record, Defendant Harvey-Cleary will not be permitted to put forward evidence or make arguments related to Mr. Jacinto Garcia Romero being a joint employer.

v. For the reasons articulated on the record, Defendant Marceron's motion to dismiss the Complaint is **DENIED**. *See* Fed. R. Civ. P. 12(b)-(c). In addition, Defendant Marceron, citing to bankruptcy law, e.g., 11 U.S.C. § 523(a)(6), seeks dismissal of the Complaint. For the reasons articulated on the record, that request is also **DENIED**. Finally, Defendant Marceron sought dismissal of the Complaint based on argument that the Plaintiffs are lying. For the reasons articulated on the record, this request is **DENIED**. Defendant Marceron is reminded that he will be permitted to cross examine the witnesses in a manner that is consistent with the Federal Rules of Evidence.

vi. Defendant Harvey-Cleary objects to the Plaintiffs' attorney's fees, arguing that they are excessive. Assuming liability is found, the Court will entertain briefing from the parties on this issue.

vii. Defendant Marceron made an oral motion to exclude the Plaintiffs from the courtroom during trial, objecting to their sitting in the courtroom when they are not testifying. The Court has taken the matter under further advisement and will issue its ruling at trial.

m) **Other Matters.**

i. **Proposed Findings of Fact and Conclusions of Law**: Pursuant to Fed. R. Civ. P. 52(a), the Court must enter proposed findings of fact and conclusions of law. At the close of trial, the parties will be given the opportunity to file post-trial briefs, analyzing what the evidence has shown, and the legal conclusions the Court should draw therefrom. Each party shall file one pleading, not to exceed twenty-five (25) pages, double-spaced. The Court will set the deadline for the parties' submissions at the end of trial.

*Aguilar, et al. v. David E. Harvey Builders, Inc., et al.*
May 9, 2023
Page 7

## II.   **Bench Trial Requirements**

a)   The parties shall provide a binder of exhibits to the court reporter and a binder of exhibits for the witnesses on the first day of trial. The parties may bring copies of their supplemental exhibits for Judge Simms to trial for inclusion in her binder.

b)   The parties shall work with the Courtroom Deputy, Ms. Maria Diaz, as it relates to the exhibit list procedures and protocols that will govern this case. On or about May 11, 2023, Ms. Diaz will contact the parties via email outlining the requirements.

c)   Supplemental exhibits shall be provided to the Court on the first day of trial. A supplemental binder of all exhibits is not needed.

d)   The Court's understanding is that none of the parties are interested in using Egnyte. If that is incorrect and all of the parties are interested (unanimous) in using Egnyte to upload their exhibits, they should contact Chambers for further information by no later than May 15, 2023.

e)   Regarding witnesses, the parties are reminded that they should plan on having enough witnesses available so that every trial day is full. In addition, the parties shall work together to ensure that witnesses are available to testify as few times as possible; for example, if a witness will testify during the Plaintiffs' case and he/she also has information relevant to one of the Defendant's claims, then work together to have that witness available just one time rather than requiring that witness to return another day. Before the first day of trial, and during trial at the end of each trial day, you should communicate with each other about the witnesses who will be testifying on a given day and the exhibits that a party expects to introduce via each witness. Also advise the Court who the witnesses are, and which exhibits will be introduced via each witness. All of these requirements should help to make the bench trial run more efficiently.

f)   The parties are reminded of Judge Simms' protocols regarding COVID-19 and mask wearing.

Although informal, this letter constitutes an Order of the Court and shall be docketed accordingly.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge