IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| ANGELLA AGUILAR, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. GLS-18-03953 |
| | * | |
| DAVID E. HARVEY BUILDERS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | ****** | |

**MEMORANDUM OPINION RELATED TO DEFENDANT DAVID E. HARVEY BUILDERS, INC.'s MOTION SEEKING INDEMNIFICATION DAMAGES**

Pending before this Court is "Defendant David E. Harvey Builders, Inc. D/B/A Harvey-Cleary Builders' Motion to Establish Its Indemnification Damages" ("the Motion"), filed by Defendant David E. Harvey Builders, Inc., d/b/a "Harvey-Cleary Builders" ("Defendant Harvey-Cleary" or "Harvey-Cleary"). (ECF No. 173). Defendant Harvey-Cleary seeks indemnification damages against Defendant The Subcontractors Gateway, Inc. and Defendant TSCG Drywall and Painting, LLC (collectively "Defendant TSCG") in connection with its failure to perform on a subcontract related to the construction of a Gold's Gym facility. (*Id.*).

To date, Defendant TSCG has not responded to the Motion, and the time for filing a response has expired. *See* Local Rule 105.2 (D. Md. 2023). For the reasons articulated herein, the Motion is granted in part, denied in part.

The extensive procedural history of this case is set forth in prior memorandum opinions. (ECF Nos. 112, 113, 169). In brief, default was entered against Defendant TSCG on Defendant Harvey-Cleary's breach of contract crossclaim related to the construction of the Gold's Gym facility. (ECF Nos. 98, 99, 103). Thereafter, the Court presided over a bench trial, during which

Harvey-Cleary more clearly established the existence and terms of the subcontract with Defendant TSCG, including that Defendant TSCG owed Harvey-Cleary a contractual duty to pay TSCG's employees (Plaintiffs) for their work performed on the Gold's Gym project, yet failed to do so. (ECF Nos. 146, 148-151, Bench Trial Transcripts). After trial, the Court issued its findings of fact and conclusions of law, holding that Defendant Harvey-Cleary, Defendant Marceron, and Defendant TSCG were joint employers who failed to pay Plaintiffs their wages, as required by law. (ECF Nos. 168, 169). The Court imposed judgment against all Defendants, and found them jointly and severally liable in the amount of $93,450, which represents the amounts of Plaintiffs' unpaid wages and liquidated damages associated therewith. (*Id.*)

The Court ordered Defendant Harvey-Cleary to provide proof of the indemnification damages that it claims were owed as a result of Defendant TSCG's breach of the Gold's Gym subcontract. (ECF No. 169). Harvey-Clearly timely submitted the Motion and a memorandum and affidavit in support thereto, seeking indemnification damages in the amount of $243,604, which is comprised of two categories. (ECF Nos. 173-1, 173-2). First, Harvey-Cleary seeks an award of $93,450 due to Defendant TSCG's failure to pay its own employees for their work on the Gold's Gym project, which ultimately resulted in Harvey-Cleary's liability for Plaintiffs' unpaid wages and liquidated damages related thereto. Second, Harvey-Cleary seeks an award of $150,154.00 in attorney's fees "due to TSCG's failure to provide the contractually required defense and indemnity." (ECF No. 173-1, p. 3). In addition, if the Court awards Plaintiffs' attorney's fees and costs and imposes payment of such expenses upon Harvey-Cleary, Harvey-Cleary alleges that it is entitled to indemnification from Defendant TSCG for any such amounts.[1]

---

[1] Plaintiffs have filed a motion seeking attorneys' fees and costs. (ECF No. 170). After it resolves the Plaintiffs' motion, the Court will issue an order related to Harvey-Cleary's indemnification request for any such fees and costs that it is ordered to pay.

2

Pursuant to the subcontract, Harvey-Cleary and Defendant TSCG agreed that Maryland law governs their contractual rights. (*See* Plaintiffs' Exh. 8, ¶12(e), Bench Trial Day 4). Therefore, the Court applies Maryland law. *Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 704 (D. Md. 2008)(courts to apply the law of state chosen by the parties to govern their contractual rights).

In addition, this court is to construe the language of an indemnification provision consistent with its "customary, ordinary, and accepted meaning." *Board of Trustees, Community College of Baltimore County v. Patient First Corp.*, 445 Md. 452, 466, 120 A.3d 124 (2015). The relevant terms of the subcontract between Harvey-Clearly and Defendant TSCG are:

> Subcontractor agrees to indemnify, defend and save harmless Contractor, Contractor's Surety, if any, and Owner (and their officers, directors, shareholders, agents, and employees) from and **against all claims, demands, lawsuits, causes of action, damages**, attorneys' fees, costs, interest judgments, liens, bond or lien claims and expenses of whatsoever kind or nature **when the same, in whole or in part, result from, arise out of, relate to or concern** (i) Subcontractor's performance (or lack thereof) of the Subcontract, and all matters required in the Contract documents, or the Subcontract work or (ii) **Subcontractor's failure. . .to pay for all labor, materials, services, supplies and equipment for the nonpayment of which any lien, encumbrance, claim for lien, bond claim, demand or other claim or cause of action may be made or asserted against the Project, Subcontract Work, Contractor, Contractor's surety, if any, or Owner.**

(Plaintiffs' Exh. 8, ¶7(a), Bench Trial Day 4) (emphasis supplied). The Court finds that the ordinary meaning of the indemnification clause is clear that because Defendant TSCG failed to pay Plaintiffs for their labor performed on the Gold's Gym project, which resulted in the instant lawsuit and resulting judgment in favor of Plaintiffs, Harvey-Cleary is entitled to indemnification from TSCG in the amount of $93,450. Accordingly, the Motion is **GRANTED** as to this type of indemnification damages.

3

Harvey-Cleary also seeks indemnification damages in the amount of $150,154.00, which it alleges are related to the attorneys' fees it incurred in defending this litigation. Regarding the attorneys' fees sought, as a general matter, Maryland follows the "American Rule," which provides that a prevailing litigant typically cannot recover attorneys' fees. *Nova Research, Inc. v. Penske Truck Leasing Co., L.P.*, 405 Md. 435, 952 A.2d 275, 281 (2008). Exceptions to the rule exist, however; for instance, when "the parties to a contract have an agreement" that authorizes payment for attorneys' fees. *Id.* Such agreements, including indemnification agreements, that provide for the award of attorney's fees are valid and enforceable, "subject to a trial court's examination of the prevailing party's fee request for reasonableness." *Id.* at 283 (citing *Myers v. Kayhoe*, 391 Md. 188, 207, 892 A.2d 520, 532 (2006)); *see also SunTrust Bank v. Goldman*, 201 Md. App. 390, 401, 29 A.3d 724, 730 (2011)("current law allows a court to grant only those attorney's fees it finds reasonable").

The burden rests with the moving party to establish that its requested fees are reasonable. *See Myers, supra*, at 207 (party seeking attorney's fees has burden to provide the court with information necessary to determine the reasonableness of the party's request). Thus, the moving party must provide evidence that particularizes the "services performed, by whom they were provided, the time expended, and the hourly rates charged." *Rauch v. McCall*, 134 Md. App. 624, 639, 761 A.2d 76 (2000)(quoting *Holzman v. Fiola Blum, Inc.*, 125 Md. App. 602, 639, 726 A.2d 818 (1999)). If the moving party fails to provide this information, a court cannot determine the reasonableness of the fees sought. *Maxima Corp. v. 6933 Arlington Dev. Ltd. Partnership*, 100 Md. App. 441, 453, 641 A.2d 977 ("it is incumbent upon the party seeking recovery to present detailed records that contain the relevant facts and computations undergirding the computation of charges. . .without such records, the reasonableness, vel non, of the fees can be determined only

4

by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence").

When calculating fee awards under contractual fee-shifting provisions, courts "should use the factors set forth in Rule 1.5 [of the Maryland Rules of Profession Conduct ("MRPC")] as the foundation for analysis of what constitutes a reasonable fee." *Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 416 Md. 325, 336-37, 7 A.3d 1, 8 (2010). The applicable MRPC identifies eight factors for a court to consider, including: (1) the time and labor required. . .(3) the fee customarily charged in the locality for similar legal services. . .and (7) the experience, reputation, and ability of the attorney or attorneys performing the services. MRPC 1.5(a).

Here, the Court first construes the language of the indemnification provision consistent with its ordinary meaning and finds that Defendant TSCG owes prevailing party Harvey-Cleary attorneys' fees. *See* Plaintiffs' Exh. 8, ¶7(a).[2] Turning to the reasonableness of the fees sought, however, Harvey-Cleary has not met its burden to establish that the dollar amount sought is reasonable. The only information provided to this Court is an affidavit from Joseph LaFonte, a Harvey-Cleary Director-Shareholder, which includes a summary chart. That summary chart only provides the dates, invoices numbers, and dollar amounts for 36 invoices that Mr. LaFonte claims are for services rendered by his counsel. (ECF No. 173-2). Harvey-Cleary has submitted no information about: (a) the name(s) of the attorney(s) who performed the work; (b) the experience of the attorney(s) who performed the work; (c) the hourly rate(s) of the attorney(s) who performed the work; (d) the number of hours of work performed by the attorney(s); or (e) a description of the type of work performed by the attorney(s). Thus, without detailed records that contain the relevant

---

[2] There is another provision of the subcontract that might also entitle Harvey-Cleary to attorneys' fees. *See* Plaintiffs' Exh. 8, ¶12(f)("Subcontractor agrees to pay Contractor all reasonable attorneys' fees incurred by Contractor in the event Contractor seeks to enforce any provision of this Subcontract"). Here, Harvey-Cleary has filed a crossclaim against Defendant TSCG. (ECF No. 20).

facts, the Court is unable to review the work performed by counsel to determine, e.g., whether the time and labor expended by counsel is compensable and reasonable, or whether counsel's hourly rate is customary and presumptively reasonable for attorneys in Maryland with experience comparable to counsel's experience. *See* United States District Court the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases ("the Guidelines")(D. Md. 2023)(identification of factors that courts consider to determine reasonableness of attorneys' fees sought by a prevailing party, including type of legal work performed, the number of attorneys who perform that work, and the experience of attorney(s)); *Gonzales v. Caron*, Civ. No. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011)(Local Rules set forth presumptively reasonable hourly rates based on an attorney's years of experience); *see also* MRPC 1.5(a). [3]

In sum, without competent evidence, the Court is ultimately unable to determine the reasonableness of Harvey-Cleary's attorneys' fees request. Accordingly, the Motion is **DENIED**, as it relates to indemnification for attorneys' fees incurred by Harvey-Cleary.

A separate order follows.

Date: June 4, 2024                                    _____/s/_____
                                                      The Honorable Gina L. Simms
                                                      United States Magistrate Judge

---

[3] Because Harvey-Cleary has not provided the Court with sufficient competent evidence, the Court need not analyze the other MRPC 1.5(a) factors to determine whether the fees sought are reasonable.